```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                     WEST PALM BEACH DIVISION
                  CASE NO. 19-81181-MC-Matthewman

MINALKUMAR PATEL,

            Petitioner,           WEST PALM BEACH, FLORIDA
        vs.
                                     AUGUST 27, 2019
UNITED STATES OF AMERICA,
                                   PAGES 1 - 56
            Respondant.
_____/


                  TRANSCRIPT OF MOTION HEARING
             BEFORE THE HONORABLE WILLIAM MATTHEWMAN
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PETITIONER:      STEVEN H. SADOW, ESQ.
                         260 PEACHTREE STREET, N.W.
                         Suite 2502
                         Atlanta, Georgia  30303

                         ROBYN LYNN SZTYNDOR, ESQ.
                         233 Pheonetia Avenue
                         Suite 8
                         Coral Gables, Florida 33134


FOR THE RESPONDENT:      ADRIENNE ROSEN, AUSA
                         PETER LASERNA, AUSA
                         U.S. Attorney's Office
                         99 NE 4th Street
                         7th Floor
                         Miami, Florida  33132




REPORTED BY:             DIANE M. MILLER, RMR, CRR,
                         Official Court Reporter
                         701 Clematis Street
                         West Palm Beach, FL  33401
                         (561)514-3728
                         diane_miller@flsd.uscourts.gov
```

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2          THE COURT:  All right, good afternoon.
 3          Let's go ahead and call the case.
 4          For the moment, this is a sealed proceeding.  We will
 5   address that in a little while; but, for the moment, the
 6   courtroom is sealed, and the transcript is sealed until I order
 7   otherwise.
 8          THE COURTROOM DEPUTY:  Calling case number
 9   19-81181-MC-Matthewman, Minalkumar Patel against the United
10   States.
11          THE COURT:  All right.  Let's get appearances first
12   of all, starting with the United States.
13          MS. ROSEN:  Good afternoon, Your Honor; for the
14   United States, Adrienne Rosen and Peter Laserna.
15          THE COURT:  Good afternoon.
16          And for the movent, Mr. Patel.
17          MR. SADOW:  Good afternoon, Your Honor; Steve Sadow,
18   and my counsel from Florida.
19          MS. SZTYNDOR:  Robin Sztyndor.
20          THE COURT:  All right, good afternoon.  And you also
21   have who else with you?
22          MS. SZTYNDOR:  Mr. Patel.
23          MR. SADOW:  Mr. Patel.
24          THE COURT:  All right, thank you.
25          All right.  So I set down this hearing for today.  I
```

Tuesday, August 27, 2019.

```
1   don't want either side to assume or get the impression that

2   because I set this hearing down for today that I believe that

3   an evidentiary hearing is necessary or appropriate.

4           What I did was set the matter down because it is

5   somewhat unusual and complex.  I wanted to get a response from

6   the Government which I did get, and then I wanted to just

7   address some issues here with Counsel and then determine what,

8   if anything, should be done.  So let me start off by just

9   asking Counsel some questions.

10          First of all, let me ask the Government, your

11  position is that the only challenge here is to the accounts

12  held in Mr. Patel's name, and LabSolutions is not challenging

13  the seizures at this time and that involves the six enumerated

14  accounts.

15          MS. ROSEN:  That's correct, Your Honor.

16          THE COURT:  And Mr. Sadow or Miss Sztyndor, do you

17  agree with that?

18          MR. SADOW:  I agree with it that we are moving only

19  as to the six seizure warrants against Mr. Patel.  But as the

20  Court will hear a little later, I believe, the money that is

21  seized from Mr. Patel comes through LabSolutions.  So you may

22  inexplicably have to determine some things on that, should the

23  Court deem that appropriate.

24          THE COURT:  Right.

25          And one of the questions I have it is whether or not
```

Tuesday, August 27, 2019.

1   Mr. Patel even has standing to claim money held by a

2   third-party entity, so we can address that.

3           The sealing issue is something I want to address, and

4   I'm not talking about the unsealing of the affidavits.  I'm

5   talking about -- what I did when I -- when I got this, after

6   consulting with the clerk, instead of having six different case

7   numbers, it seemed wise to consolidate into one case number,

8   which is 19-81181-MC-WM.  Now, at this point, there are, I

9   believe, 17 docket entries within that case.  Is there any

10  reason why those 17 docket entries need to remain sealed?

11          I don't like sealing, if I don't have to.  The

12  federal courts are against sealing, if not necessary.  So my

13  question is:  Those docket entries one through 17, they do not

14  involve the affidavits underlying the seizure warrants.  They

15  involve things such as the movant's motion, the motions for pro

16  hac vice, the Government's response, things of that nature.  Do

17  those -- do those need to remain under seal?  Let me ask Miss

18  Rosen first.

19          MS. ROSEN:  Your Honor, the Government does not

20  object to those entries being unsealed.

21          THE COURT:  All right.  And what about this hearing,

22  for purposes of just argument right now, does this hearing need

23  to be sealed?

24          MS. ROSEN:  So to the extent that we stay in legal

25  argument, then the Government has no objection.  I guess, if we

Tuesday, August 27, 2019.

```
 1   end up entering a territory that we feel should be sealed, if

 2   Your Honor, would like, I can say something at that time.

 3            THE COURT:  That would be fine.

 4            And what about that, Mr. Sadow, do you agree with

 5   that?

 6            MR. SADOW:  I do, Your Honor, simply enough.

 7            THE COURT:  Okay.  So what I'm going to do, I am

 8   going to -- I'll enter an order directing the clerk to unseal

 9   docket entries one through 17 in case number 19-81181.

10   Additionally, this hearing transcript will not be sealed

11   unless, upon the request of either party, I find that, at some

12   point, it should be sealed.

13            So the court reporter knows, it is not -- this

14   transcript is not sealed.

15            Now, by saying that I'm unsealing docket entries one

16   through 17, that does not mean I am in any way ordering the

17   unsealing of the -- of affidavits underlying the seizure

18   warrants for the related documents.

19            All right.  So let me ask a preliminary question

20   because this is one that I have been considering.  The

21   Government did not obtain a search warrant under Rule 41.  The

22   Government obtained a seizure warrant under 21 United States

23   Code 953(f) and the forfeiture statute.  So my question is

24   this.  Since the Government did not obtain a search warrant

25   under Federal Rules of Criminal Procedure 41, which typically
```

Tuesday, August 27, 2019.

1   is of a house or a business, I'm questioning whether Rule

2   41(g) -- a return of property motion under Rule 41(g) is even

3   applicable here because it seems to the Court this is a

4   forfeiture case, not a search warrant case under Rule 41.  And

5   I don't believe the application was at all premised upon Rule

6   41 of the Federal Rules of Criminal Procedure.  So that's an

7   issue that has -- I haven't seen the parties brief that issue

8   or address that issue, but I wanted to raise that issue here.

9         So let me first ask the Government what your

10  position is.

11        MS. ROSEN:  Your Honor, I apologize for taking out my

12  phone.  I just wanted to make sure that I had the wording of

13  this statute.

14        Typically, when items are seized or forfeited from

15  defendants, Rule 41(g) is what they file under because I

16  believe that the exact language is that "property was taken

17  from the defendant;" however, Rule 41 does not come into play

18  until a criminal indictment has been filed, and that's our

19  section 2B in our brief.  So 41(g) is what I have typically

20  seen a motion to return property, whether it was obtained by

21  seizure warrant, search warrant, or another means.

22        THE COURT:  What if a forfeiture is filed by the

23  Government, either civil or criminal, is 41(g) still

24  applicable?

25        MS. ROSEN:  No, but only to the extent that there

Tuesday, August 27, 2019.

1    exists another adequate remedy at law; and so in those

2    circumstances, the defendant would have -- for example, if it

3    were criminal forfeiture, they would have an opportunity to

4    object to the order of forfeiture.  If it were civil

5    forfeiture, they would have the opportunity to file a claim.

6          Here, we are a week-and-a-half, two weeks out from

7    the seizure, and so those proceedings haven't been filed yet;

8    but 41(g), I typically haven't seen that sort of win the day as

9    the vehicle other than by, let's say, a third-party post

10   conviction.

11         THE COURT:  All right, thank you.

12         What about that, Defense Counsel, or Movant -- I

13   should say Movant's Counsel.

14         MR. SADOW:  Your Honor, when Movant filed his papers

15   seeking the unsealing of the affidavits plus return of the

16   property, we had nothing to go on but the face of the seizure

17   warrant.  The seizure warrant does not make reference to any

18   specific statute or any statute, for that matter.  So upon

19   looking at that, I'm unable to determine on its face whether it

20   is civil in nature, whether it is criminal in nature, whether

21   it is civil and criminal in nature.  So having nothing else to

22   go on, I use the provision of Rule 41(g) because it makes

23   reference to return of seized property or return of property.

24         THE COURT:  All right, thank you.

25         MR. SADOW:  But if I might, I am not in disagreement.

Tuesday, August 27, 2019.

```
 1  41(g) -- if this were purely civil, if it were purely civil,

 2  41(g) would basically be turned into a motion for the Court to

 3  exercise equitable jurisdiction as opposed to a criminal rule

 4  of procedure provision.  But I understand the Government's

 5  brief to suggest it has been seized under civil and criminal,

 6  because they make reference to 981, 21 -- excuse me, 18 U.S.C.

 7  981, as well as a reference to 853 -- 21 U.S.C. 853, which

 8  would be the criminal provision.  So I'm not trying to box the

 9  Court in.  I'm just saying that when we filed, I had no other

10  basis upon which to actually argue for jurisdiction other than

11  Rule 41(g).

12            THE COURT:  All right, and I understand.

13            Additionally, the Government makes a jurisdictional

14  argument as to whether I can rule on the Rule 41(g) motion, and

15  I guess the issue really isn't whether I can rule.  The issue

16  would be whether it can be by a report and recommendation or an

17  order, I guess is the issue.

18            Would you agree with that?

19            MS. ROSEN:  Yes, Your Honor.  And there is really no

20  case law in the circuit on point, but this question has been

21  raised in other jurisdictions and so we just wanted to flag it

22  for the Court.

23            THE COURT:  Right, and I understand that.

24            What about that, Mr. Sadow?

25            MR. SADOW:  Strangely enough, the Court does have
```

Tuesday, August 27, 2019.

```
 1  some jurisdiction, if it is a civil matter and civil matter
 2  alone.  If it is a hybrid, I would believe that you do a report
 3  and recommendation, it would go to a district court for final
 4  decision.
 5         THE COURT:  Yeah.  I think as far as the unsealing of
 6  the affidavits underlying the search warrant and the related
 7  documents, I think that's something that I can enter an order
 8  on.  As far as the -- if I decide that Rule 41(g) is
 9  appropriate and should be considered, I think it would have to
10  be by way of an R and R, if I were going to grant relief.
11  That's something I'm still continuing to look at.
12         But even if Rule 41(g) applies and even if I have
13  jurisdiction to consider the motion either by way of an R and R
14  or an order -- and I mean the motion for return of monies -- is
15  this really the rare circumstance where the Court should invoke
16  it's discretion to exercise equitable jurisdiction pursuant to
17  U.S. versus Dean which I think is the Eleventh Circuit case on
18  this?
19         In other words, getting past whether 41(g) applies to
20  this scenario where it is a seizure warrant, getting past
21  whether I do it by an R and R or an order, as far as return of
22  monies, is this a case where the Court should invoke its
23  discretion under United States versus Dean because -- its
24  equitable discretion because it is one of the rare
25  circumstances contemplated by Dean?  What is the Government's
```

Tuesday, August 27, 2019.

1  position on that?

2          MS. ROSEN:  Your Honor, I would go to section 2B of

3  our brief where we talk about the equitable -- the framework

4  for equitable relief, and I think the first point is really the

5  most salient to this.  This idea of whether the Government

6  exhibited callus disregard in seizing the property, and I think

7  Your Honor would agree that we went through the seizure warrant

8  process as required, Your Honor carefully considered the

9  matter, and so this seems to be as far from callus disregard as

10 one can get.

11         The other factors don't apply quite as neatly because

12 a lot of the case law deals with cases where what was seized

13 was what would be evidence at a criminal trial, for example.

14 So it doesn't fit quite as neatly with the other factors.

15 However, that being said, there is, on page 6 of our brief, the

16 *Matter of Seizure of Merchants and Marine Bank Accounts* where

17 another district court found that that even if somebody needs

18 money to pay their lawyer -- I mean, we all need money to do

19 things -- this is not the kind of "need" that the equitable

20 factors are intended to address.

21         And then further, just to skip ahead a little bit on

22 this idea of whether he has a right to this money to pay his

23 lawyers, and that's -- that's our section C.

24         THE COURT:  Sixth Amendment issue.

25         MS. ROSEN:  Yes, Your Honor.

Tuesday, August 27, 2019.

```
1            THE COURT:  And I know that you mention there is no

2   indictment or arrest at this point, and the case law does seem

3   to indicate that if there is no right -- no arrest or

4   indictment, that the Sixth Amendment doesn't yet kick in, and I

5   understand that argument.

6            MS. ROSEN:  So from our position, especially

7   somewhere where we have said that the Government will be

8   initiating forfeiture proceedings in the near future, I don't

9   have an exact date, but it is -- the Government investigation

10  is continuing, and the Government will be initiating forfeiture

11  proceedings.  The movant will have an adequate remedy of law.

12  And the cases in here talk about, for example, that same case

13  says a 73-day delay after seizing before initiating forfeiture

14  proceedings didn't invoke the equitable jurisdiction of the

15  court.  And so to Your Honor's pointed question, the

16  Government's position is that no, this is not a case where

17  equitable jurisdiction should be exercised.

18            THE COURT:  All right, thank you.

19            Defense Counsel -- I mean Movent's Counsel,

20  Mr. Sadow.

21            MR. SADOW:  May I approach the podium on this one?

22            THE COURT:  Yes.

23            MR. SADOW:  Thank you.

24            Respectfully, Your Honor, I think your focus may be

25  too narrow.  So if I can lay a little groundwork, maybe I can
```

```
1   shed some light.
2            THE COURT:  All right.
3            MR. SADOW:  Search warrant is issued to search
4   LabSolutions at or about --
5            THE COURT:  A seizure warrant.
6            MR. SADOW:  No, no, a search warrant --
7            THE COURT:  Okay.
8            MR. SADOW:  -- at or about the same time seizure
9   warrants are issued by Your Honor for -- we are dealing with
10  the six accounts of Mr. Patel.  As I said, the face of the
11  seizure warrant doesn't indicate whether it is criminal or
12  civil.  It just says, you have permission to seize.
13           I, according to the Court's order, conferred with
14  Counsel, and I asked the questions that you would expect.  Are
15  you willing to give me any information from the affidavits?
16  Are you willing to release any of the funds?  And we wouldn't
17  be here if the answer was yes, so you can assume the answer was
18  no.
19           I filed paperwork a week ago, six days ago in which
20  the only thing that I can guess, at that point, is that this is
21  most likely a criminal-related seizure because the search
22  warrant for LabSolutions.  It turns out, it is both criminal
23  and civil, at least according to the Government.  So I go to
24  the statutes even prior to yesterday and say, okay, here is
25  where we are.  The Government says that they can seize this
```

Tuesday, August 27, 2019.

| | |
|---|---|
| 1 | under 21 -- I'm sorry, 18 U.S.C. 981(b) which allows them to |
| 2 | seize.  And I look at 983, which is the procedural aspect of |
| 3 | civil forfeiture, and that says, if you look at (j)(3), which |
| 4 | would be 983(j)(3), that the Government could have accomplished |
| 5 | the same thing by obtaining a temporary restraining order from |
| 6 | Your Honor, not a seizure warrant.  If they obtain a temporary |
| 7 | restraining order from Your Honor, it's done without notice. |
| 8 | It is done with probable cause.  I'm assuming, since probable |
| 9 | cause has a meaning, the same meaning as it would in 981, the |
| 10 | same meaning it could have in 21 U.S.C. 853, but then I have |
| 11 | the right -- the movent has the right to come into court and |
| 12 | ask for a hearing to determine whether that restraining order, |
| 13 | temporarily on the basis of probable cause, can be challenged. |
| 14 | So I say all right.  The Government gets to choose |
| 15 | the seizure and not a restraining order.  I get a restraining |
| 16 | order, I get to come in a challenge.  A seizure, what do I get |
| 17 | to do? |
| 18 | The Government's position is simple.  "You don't get |
| 19 | to do anything, you simply have to sit back and wait for us to |
| 20 | do something; and when we have decided that it is time to do |
| 21 | something, we will let you know," so that the $10.8 million |
| 22 | plus that has been seized out of my client's accounts should |
| 23 | just remain with the Government.  He should get no access to it |
| 24 | at all until the Government makes its move.  But if I'm doing a |
| 25 | restraining order, I get to come in and explain to you what I |

Tuesday, August 27, 2019.

1    think is the real basis here for why I'm before the Court.

2            Are all of the assets tainted or are part of them

3    untainted?  And "untainted" means the equivalent of "substitute

4    property."  That really hasn't been the focus, but it is.

5    Untainted assets are substitute property.  Substitute property

6    cannot be seized or restrained prior to conviction -- Eleventh

7    Circuit, everybody knows that.

8            So how do I get the Court to allow me to make the

9    argument, "I could if it were a temporary restraining order as

10   opposed to a seizure"?  And I'm suggesting that you don't have

11   to say "Rule 41(g)."  You don't have to say "equitable

12   jurisdiction" in the traditional sense that the Government

13   would have you do it or Your Honor has brought up that there

14   must be a remedy within 981, when you play it off again 983, to

15   be able to come in and say to the Court, under whatever

16   restrictions are necessary, the Government has to show that

17   everything seized, $10.8 million is tainted.  Have they done

18   that?  I don't have a clue.  Why?  Because I don't have the

19   affidavits.  I don't know anything that's in the affidavits.  I

20   don't know whether they went to the Court with a certain

21   theory, with a certain violation, I don't know.  But I'm

22   suggesting that the Court has equitable power to hold the same

23   type of hearing, now that I know where the Government is coming

24   from, under 981, a seizure, as the Court could under 983.

25   There is nothing that says you can't.  It is simply a question

Tuesday, August 27, 2019.

1   of whether or not the Court wishes to do so.

2          Now, let me take it a step further.  The Government's

3   position would be, well, you will get a chance to do that soon

4   enough because we are going to file a civil forfeiture

5   complaint.

6          I understand the Court has been on the bench for a

7   while.  I have been doing this for a few years myself.  I know

8   what is going to happen.  A civil forfeiture complaint will be

9   filed, at some point.  My assumption is, in this district, that

10  that's filed wherever the Government deems it appropriate.  The

11  only reason we are in West Palm Beach, if I think I understand,

12  is because the BB&T accounts that they seized were in West Palm

13  Beach.  But that forfeiture will not go to Your Honor, that

14  would go to a United States District Court Judge by assignment.

15  And the moment that I try to do something on the civil

16  forfeiture end, I'm either going to have one or two things

17  happen.  One, they are going to seek extension and not file

18  right away; or two, when they do file, they are going to shut

19  me down and say, we are not giving you the affidavit, we want

20  to stay the civil forfeiture case.  And I'm in exactly the same

21  position I am right now, $10.8 million of my client's money

22  seized without any determination as all versus -- tainted

23  versus untainted.

24          What I'm asking the Court to do -- and I'm trying to

25  put this in a broad sense, I'm not -- I hesitate to say this as

Tuesday, August 27, 2019.

1  a criminal defense attorney, but I'm really not interested in

2  who their witnesses are.  I don't care who told them what.

3  They can redact every bit of that out of the affidavits.  I'm

4  interested in the theory behind the forfeiture which would be

5  the seizure of all of the funds in my client's accounts.

6          I don't know what they presented to Your Honor.  I

7  don't know whether it was based on some theory of healthcare or

8  whether it is based on something related to that.  I'm simply

9  asking for enough information so that I can then say to the

10  Court, "I, with the burden of proof, can come in and ask you to

11  take a second look at this on the question of tainted versus

12  untainted."  That's the jurisdiction I'm asking the Court

13  equitably to entertain.

14          And interestingly enough, when I was conversing with

15  the Government, they said, "Well, you know, the Judge already

16  found probable cause."

17          I said, "Yeah, I know that."

18          "Well, he found probable cause."

19          I understand that too; but I don't know everything,

20  of course, or even part of what they said to you.

21          There was an interesting line in a case called

22  *McCorkle* which is out of the Middle District of Florida several

23  years ago, has to do with F. Lee Bailey and the seizure of a

24  lot of money; and one of the things that the judge was asked of

25  by counsel in that case was to recuse themselves because they

Tuesday, August 27, 2019.

1  already made a probable cause finding.  And that judge said,

2  strangely enough in response to this, "Judges are frequently

3  called upon to reconsider preliminary decisions in light of a

4  more fully developed record, I don't need to recuse myself."

5  And that was in footnote 11.

6          And that's all I'm asking for here.  I'm not asking

7  for Your Honor to give away the store.  I'm not asking for the

8  Government to tell me about its witnesses or its investigation.

9  To be honest, I'm not interested in all of that.

10         I have to assume they seized $20 million from

11 LabSolutions which I'm not here to argue.  The money in my

12 client's account comes, in fact, out of LabSolutions, so we are

13 going through the flow.  There must be something that they have

14 come to Your Honor about LabSolutions that is suggestive that

15 it is entirely criminal activity.  I can disprove that.  I have

16 evidence in which I can come before the Court and say that not

17 everything that's gone through LabSolutions is, in fact,

18 related to criminal activity, even if I assume the Government's

19 theory here being telemedicine and genetic testing.  When do I

20 get a chance to do that?

21         And what I'm saying is, Your Honor, you can exercise

22 your equitable powers and jurisdiction to make those

23 determinations at this time without it harming the Government.

24 I understand their compelling interest.  There is no question

25 about that.  I can't win an argument if they show compelling

1    interest, and that's why I'm not asking for everything.  I'm

2    asking for redacted.  And I don't care whether I get a

3    paragraph per page, if it tells me what it is that the Court

4    was able to see in order to make a determination about tainted

5    versus untainted funds.  That, you have the power to do under

6    an Eleventh Circuit decision called *Robinson*.  And it is an old

7    one, but it is still good law.

8              THE COURT:  What is the cite?

9              MR. SADOW:  The cite is 734 F.2d 735.

10             THE COURT:  734, 745?

11             MR. SADOW:  No, 735; I'm sorry, Your Honor.

12             THE COURT:  Okay.

13             MR. SADOW:  It is a 1984 decision, so it's just a

14   couple years after the split.

15             THE COURT:  All right.

16             MR. SADOW:  And they talk about the equitable power

17   under the supervisory powers of the court, and they don't go

18   into the analysis of callus disregard and so forth which I

19   understand is essentially a 41(g)/equitable jurisdiction issue.

20             What I'm saying is the Government can be protected

21   here.  The Court can give us a potential remedy akin to what I

22   would have if it was a temporary restraining order.  And again,

23   I think this is very important because if the probable cause

24   couldn't be tested prior, prior to the filing of a forfeiture

25   complaint, then 18 U.S.C. 983(j) would not exist because, as I

Tuesday, August 27, 2019.

1  said, on that temporary restraining order, it is filed prior to

2  a complaint for forfeiture, prior to an indictment in this

3  status.  And exactly where we are now, you have to make a

4  finding of probable cause just like you have done, but it

5  allows a movent to come in and say, we would like to be heard

6  as well.

7        And Your Honor can say, you know, I'm only interested

8  in hearing this point as far as your evidence goes.

9        But I have that evidence.  I have evidence that will

10 show that at least 30 percent if not more of the money that

11 goes into LabSolutions has nothing to do with telemedicine and

12 genetics.  And if that is true, if I can prove that, then maybe

13 not all of the money in LabSolutions is tainted money, assuming

14 that's the Government's theory.  So I'm looking for that

15 opportunity.

16        The Court can, of course, say, you know, under the

17 law, I don't have to do it.  I know that, I realize that.

18        You can say, I am going to exercise my discretion, I

19 don't want to do it.

20        I'm saying, this is a situation -- we are not talking

21 about $50,000 or $100,000, you are talking about $10.8 million;

22 and the notion of right to counsel, Sixth Amendment and so

23 forth, none of that really comes into play at this moment.

24        I agree that the Government is 100 percent on point

25 by saying the Sixth Amendment right to counsel has not kicked

Tuesday, August 27, 2019.

1  in because it is not an adversarial criminal proceeding yet.

2  Case law is true.  However, as the Court well knows, there is a

3  Fifth Amendment due process right to counsel that kicks in

4  under certain circumstances.  The most would be in Miranda in a

5  pre-adversary position in which you have a right to counsel if

6  the individual, prior to any proceedings starting, is to be

7  questioned.  And I'm not saying that I need to invoke that now,

8  I'm just saying that if the Court finds that assets are

9  untainted, funds are untainted, that portion isn't forfeitable.

10  And if it is not forfeitable, they can't keep it.  It is no

11  longer a question of whether I have it for right to counsel.

12  That's how *Luis* came up, but they didn't deal with the statute

13  itself.

14          Interestingly enough -- and I'm almost finished, I

15  appreciate the Court giving me the time -- the Fourth Circuit

16  in a case called *Chamberlain* which was decided in 2017.  It is

17  *United States versus Chamberlain* -- it's L-A-I-N at the end --

18  it is 868 F.3d 290, Fourth Circuit 2017.  And I use this case

19  because the Fourth Circuit amongst all of the circuits was the

20  only one that held that substitute assets could be restrained

21  or seized before trial.  It disagreed with everybody else.  And

22  the Fourth Circuit said, you know, "It is time for us to look

23  at it again."  And they did, and what they wind up saying --

24  and I'm looking at about three quarters of the way through the

25  opinion, the Fourth Circuit en banc says, "In sum, the Supreme

1   Court has signaled there is a firm distinction between the

2   Government's authority to restrain tainted and untainted

3   assets," which is what I am now saying, this is under the

4   statute, not under the Sixth Amendment.  And it goes on to say,

5   "The Government is able to obtain a pretrial restraining order

6   over only those assets that are directly subject to forfeiture

7   as property traceable to a charged offense."

8         And then they go on and say, "If it is untainted, you

9   can't seize it.  You can't restrain it, and it can't be taken

10  away from a given individual."  It doesn't make any difference

11  whether it is adversarial or nonadversarial because the statute

12  only governs be it 981, be it 982, be it 853, 982 -- excuse me,

13  18 U.S.C. 982 being the criminal one, it doesn't make any

14  difference.  It is only for tainted assets.  And I'm suggesting

15  here, given the opportunity, I can at least show you and carry

16  our burden that -- maybe not all, at least under the

17  Government's theory, but a substantial portion of so

18  $10.8 million is not tainted.  Money has gone into that account

19  for years prior to anything to do with telemedicine.  And, of

20  course, I don't know what the Government's tracing position is

21  because I don't have the affidavit.

22        So I think you understand -- and you have been very

23  patient -- the kind of relief I'm seeking.  That really is my

24  entire argument for today.

25        THE COURT:  Right.

Tuesday, August 27, 2019.

```
 1            In a nutshell, it seems that what you are saying is
 2   even though you would eventually be right -- have a right to
 3   seek redress and have a hearing when the Government files a
 4   forfeiture proceeding, you need to have a hearing now, at this
 5   time, in order to address the issue before the delay in that
 6   happening.
 7            MR. SADOW:  Your Honor is, at least in part, correct.
 8   I don't think I'm ever going to get that hearing in a
 9   forfeiture case.
10            THE COURT:  Why is that?
11            MR. SADOW:  Because as soon as they file for civil
12   forfeiture and I start filing, they will move to stay.  It
13   happens in every single forfeiture case I have ever had.
14            THE COURT:  I'll turn to you in just a moment.
15            MS. ROSEN:  I just wanted the -- I just want --
16   before this goes too much further on this civil forfeiture
17   aspect, I just -- if the Government has a right to forfeit
18   something criminally, we also have the right to forfeit it
19   civilly.  My reference to civil forfeiture does not indicate
20   how the Government plans to proceed.  I just mentioned civil
21   forfeiture -- and I believe it is in our brief -- to make the
22   record complete.  And so I'm sorry to interrupt, but I just
23   wanted to make clear that may not be where the Government is
24   going.
25            MR. SADOW:  All right.  And that's even another
```

23

1    reason why because now you could be talking about months and

2    months and months if not potentially years, if they choose to

3    go the criminal route.  And even if they file a civil

4    forfeiture, as the Court I'm sure knows, should an indictment

5    be returned, there is no doubt that within the indictment in

6    the forfeiture section, there will be reference to the same

7    property, and therefore the civil forfeiture will go by the

8    wayside.

9              So the question is:  If it is untainted -- if I can

10   prove to you it is untainted, why is it that the movent should

11   be forced to be without funds for a considerable period of

12   time?

13             Now there are other potential remedies that,

14   depending on where the Court is going on this, but I would like

15   to leave it where it is until I get a little more information.

16             THE COURT:  Thank you.

17             All right, Miss Rosen.

18             MS. ROSEN:  Your Honor, Mr. Sadow, at one point,

19   said, "Everyone knows that the Government cannot restrain

20   substitute assets prior to conviction."  The Government knows

21   that as well.  The only funds that we have sought in this case

22   were pursuant to seizure warrant.  And not to get too much into

23   the weeds *on Luis*, but in *Luis*, there are funds restrained

24   under Section 1345 which is a civil remedy which allows for the

25   restraint of traceable assets or property equivalent thereto,

Tuesday, August 27, 2019.

```
1   and that was what the Government had restrained property under.
2   And the Court in Luis said, you can't do that, you have to give
3   back the portion that you are not saying is traceable.  So that
4   would be the criminal equivalent of substitute assets.
5           In this case, we don't have any substitute assets
6   restrained, and Luis changed nothing about whether the
7   Government is allowed to restrain traceable assets, and Luis
8   talks about tainted versus untainted funds; but all of the
9   cases prior to that talked about whether there was a probable
10  cause finding or not.  And so we can analogize those terms,
11  right.  If there is a probable cause finding, those would be
12  tainted funds under the Luis; if there is no probable cause
13  finding, untainted.
14          And so the seizure warrants in this case show us that
15  everything is under the tainted funds umbrella.  So when we
16  were conferring, Mr. Sadow asked me if we were going to release
17  any untainted funds; and, I said, "We don't have any."
18  Everything we have seized has been pursuant to seizure warrant,
19  which necessarily required Your Honor's probable cause finding
20  not only as to the factual basis but as to the reason why we
21  pursued the warrants under 853(f) as opposed to a protective
22  order under 853(e), and Your Honor necessarily made that
23  decision in granting the seizure warrants.
24          THE COURT:  What about Mr. Sadow's argument that the
25  Government is really trying to indefinitely seize the funds at
```

Tuesday, August 27, 2019.

1  issue here, he is not going to get a hearing and that even

2  though this was a 853(f) application, he should be entitled to

3  a hearing here and not have to wait until the Government

4  decides to institute forfeiture proceedings whether they are

5  civil or criminal?

6          MS. ROSEN:  So as to the first question, there was a

7  lot of speculation in Mr. Sadow's argument, and I know it is

8  based on many years of experience where certain things happen

9  in cases.  As we have said, 73 days was found not to be an

10  unreasonable period of time.  We are at less than two weeks,

11  and so I don't disagree that at some point, it would be

12  unreasonable.  And there are protections in place under CAFRA,

13  the Civil Asset Forfeiture Reform Act, that require us to give

14  notice, give the -- any claimant an opportunity to file a

15  claim, and then to respond to that.  And even under CAFRA, we

16  have 60 days in which to notice the owner of the property.

17  They have I think 30 days to file -- 30 or 60 days to file a

18  claim, and then we have 90 days to respond to that.  So even

19  baked into the cake is at least 150 days that the Civil Asset

20  Forfeiture Reform Act would say is reasonable.

21          On the criminal side, if there is a criminal

22  indictment, they would -- that includes these assets, they

23  would get notice at that time; and so this notion of -- of

24  having a hearing immediately after the seizure is just not

25  supported by the case law.

Tuesday, August 27, 2019.

1      I would also like to quote from *Kaley versus United*
2 *States*.  I know there were multiple *Kaley* opinions.  This is
3 the Supreme Court decision at 134 S. Ct. 1090, this is 2014;
4 and on page 1105, the Court talks about when a grand jury has
5 found probable cause and then the owner of the property or the
6 purported owner of the property requests a hearing, and what
7 the judge -- what the court says there is, "In considering such
8 findings of probable cause, we have never thought the value of
9 enhanced evidentiary procedures for their costs."  In other
10 words, if the grand jury has found probable cause, there is no
11 right to -- there is no reason to proceed to an evidentiary
12 hearing at the sort of post-indictment pretrial stage.  There
13 is no reason to go to an evidentiary hearing because you
14 already have a finding.
15      And here, I would equate the Court's finding for the
16 seizure warrant to the grand jury's finding that there is no
17 reason to have a hearing at this time because somebody, not the
18 Government, an independent person has evaluated whether
19 probable cause exists, and therefore that these funds are
20 tainted.
21      THE COURT:  Let me ask you.  I know that the
22 *Merchants and Marine Bank* case, the court indicated that seven
23 days was not unreasonable for initiation of civil or criminal
24 forfeiture; and then in the motion for return of all monies
25 seized case, a delay before initiation of administrative

Tuesday, August 27, 2019.

```
1   forfeiture was not reasonable.  And I know Mr. Patel's alleged
2   funds were seized under two weeks ago, and their concern is
3   that this money is going to be seized and they are not going to
4   get an adequate hearing to show that these funds or part of
5   these funds were not tainted, that they were, in fact,
6   untainted.  Is the Government planning on instituting civil or
7   criminal forfeiture in the near future?
8          MS. ROSEN:  I'm hesitating only because I want to
9   make sure we are using the same definition of "near future."
10  The Government investigation is under way, and there is a
11  proposed date for the next -- for the next type of action in
12  the case.  And if it would help Your Honor, we could, in camera
13  discuss -- discuss where, you know, what the -- what that
14  timeframe looks like.
15         THE COURT:  Okay, I understand.
16         MS. ROSEN:  I think I have one more point.
17         THE COURT:  Sure, go ahead.
18         MS. ROSEN:  Just as to the issue of whether -- that
19  they have facts that show that not all of the money that went
20  to LabSolutions was part of telemedicine, I just want to point
21  out that there are more theories of forfeiture than just
22  proceeds forfeiture, and so I just wanted to raise that issue.
23         I also -- and I don't think Your Honor -- I don't
24  think that this will change Your Honor's opinion, but I just
25  want to say that, yes, this is a lot of money; and, obviously,
```

Tuesday, August 27, 2019.

```
 1   this is a large investigation, a large case.  And I think the
 2   same -- we should look through the same lens at someone who --
 3   where we have seized $10.8 million and someone we seized
 4   $10,000 from because the issue is not the amount of money, the
 5   issue is not -- and at this point, it is not even whether he
 6   has a right to pay his counsel.  The issue is whether --
 7   whether this individual was given due process; and, based on
 8   all of the facts and circumstances, I believe it is clear that
 9   the Government has.
10           THE COURT:  Right.  I think their main issue is when
11   and where Mr. Patel, the movant, is entitled to a hearing.
12   That seems to be their main focus.
13           MS. ROSEN:  And I guess on the issue of when they are
14   entitled to an evidentiary hearing specific to the tracing of
15   the funds, there is no statute or case that gives them an
16   automatic right to that hearing.  The line of cases that
17   proceeded *Luis* required, first of all, a showing of need by the
18   defendant that the funds were needed to pay for an attorney.
19           Now, let's -- let's just assume for now, let's say a
20   criminal indictment does come down, and so let's say the Sixth
21   Amendment does attach.  At that point, in order to get that
22   evidentiary hearing, the defendant would still need to make
23   some showing that the Government got it wrong in order to be
24   entitled to that hearing.  And it is not a matter of right and,
25   quite frankly, these hearings are very rarely happen.
```

Tuesday, August 27, 2019.

1    *Luis* is what they requested it under.  As Your Honor

2  is aware, again, since there are no -- *Luis* focused on two

3  points:  One, the Sixth Amendment; and two, the fact that there

4  were untainted assets.  But *Luis* itself did not grant a general

5  right to a hearing.  And the cases that preceded it*, Monsanto*

6  it and *Kaplan*, also did not grant this automatic hearing.

7    Now, if it is a criminal cause, the affidavit will be

8  turned over at some point as part of discovery.  And in a

9  criminal case, there will be an opportunity to dispute

10  everything, including the evidence and including the

11  forfeiture, and that would be the appropriate time.  And so if

12  a criminal case is instituted, then -- then the affidavit will

13  come as part of discovery and so --

14    THE COURT:  Let me ask you a question.  This is a --

15  the seizure warrants in this case were issued pursuant to

16  Title 21, United States Code, 853(f), and 18 United States

17  Code, 981(b)(2).  Have you found any case in which a court,

18  where a seizure warrant was issued under those sections,

19  allowed a hearing in this context on a -- either whether it is

20  a Rule 41(g) return of property, or a due process claim?  Are

21  you aware of any case federally where that has occurred?

22    MS. ROSEN:  No, Your Honor.  And in this

23  jurisdiction, I think the best analogue is the *Bennett* case.

24    THE COURT:  Right.  That's Judge Rosenbaum's, and I

25  was going to ask you about that in just a minute because that

Tuesday, August 27, 2019.

1  also deals with the related issue here which is the motion to
2  unseal the affidavits, the seizure warrant affidavits along
3  with the motions to seal themselves.  And I read *Bennett* where
4  Judge Rosenberg [sic] denied the request to unseal the motion
5  to seal -- denied the request to unseal the affidavits
6  underlying the warrants; however, she granted the unsealing of
7  the motions to seal because the Government had already
8  disclosed its argument in it's papers or its oral argument, one
9  of the two.  That's the way I understood *Bennett*.
10        But I'm just trying to understand if there is any
11  case out there where, under this scenario, which again it is
12  853(f) and the 981(b)(2), whether a movement has come in and
13  said, I don't want to wait for a forfeiture proceeding to
14  start, I'm entitled to a hearing right now because, you know,
15  it is a lot of money and I'm shut down or I'm bankrupt,
16  whatever it is, and that a court has said, yes, I'm going to
17  give you a hearing in this context as opposed to waiting for
18  the forfeiture to begin.
19        MS. ROSEN:  Your Honor, we did not find any cases in
20  our research, and I didn't see in opposing Counsel's briefs,
21  although, you may have done more research that I'm unaware of.
22        THE COURT:  All right.  I will ask him the same
23  question in a minute.
24        Let me ask you this regarding *Bennett*.  Obviously,
25  the Government's position is that you have a compelling

1  interest in preventing the unsealing of the seizure warrant

2  affidavits.  Is there any redaction that in any way could be

3  made?

4          MS. ROSEN:  Your Honor, it is our position that -- I

5  mean, pretty much every page involves facts of the

6  investigation, facts of the tracing, discussions of things very

7  specific to the investigation; and so at this time, my answer

8  is no, I don't see a path that way.

9          Now, if there is an indictment and the indictment is

10 unsealed after that time, there may be -- there may be some way

11 to work through it; but, at this point, it would just be too

12 revealing.

13         THE COURT:  And what about the motions to seal that

14 were filed?  It seems like Judge Rosenbaum, in *Bennett*,

15 indicated that there was really no harm in releasing the

16 motions to seal or unsealing the motions to seal.  What's the

17 Government's position on that?

18         MS. ROSEN:  I'm just rereading our motion.

19         THE COURT:  You are welcome to take a few moments and

20 respond, after I hear from opposing Counsel, Mr. Sadow; but I

21 did want to ask you a couple other questions too.

22         Does the Government have a compelling interest in

23 protecting an ongoing criminal investigation and in preserving

24 directly forfeitable or tainted assets for forfeiture in this

25 case?

                    Tuesday, August 27, 2019.

```
 1            MS. ROSEN:  Yes, Your Honor.
 2            THE COURT:  Okay.  And what is -- what can you tell
 3  me about the basis for that that would not be needed to be
 4  contained within a sealed proceeding?
 5            MS. ROSEN:  Your Honor, any time the Government has
 6  an ongoing investigation that involves speaking with other
 7  individuals, involves financial analysis, involves the conduct
 8  of individuals and/or a company, the release of any of that
 9  information could -- could put not only the investigation in
10  harm's way but also individuals.
11            Obviously, I'm not saying anything very specific to
12  this case; but, in general, those are the concerns about
13  disclosing information in a Government investigation.  Nothing
14  in what we are dealing with here makes this different from
15  other Government investigations.
16            THE COURT:  All right.  And I'll let you take a look
17  at what you needed to take a look at to let me know about the
18  motions to seal which are relatively short and brief, whether
19  the movent has a right to those to be unsealed.
20            And before I turn to Mr. Sadow, you had suggested
21  that you would appear ex parte to just advise me of the
22  timeframe of any future actions by the Government.  I'm
23  considering that very seriously, and we could do that this
24  afternoon.
25            MS. ROSEN:  Okay.
```

Tuesday, August 27, 2019.

```
1          THE COURT:  But before I decide on that, let me turn
2    to Mr. Sadow.
3          And before I forget, I know that you had filed a
4    motion for refund of filing fees on the ex parte -- not the ex
5    parte, the pro hac vice applications.
6          MR. SADOW:  Yes, Your Honor.
7          THE COURT:  And I think that's appropriate.  One of
8    the reasons that I consolidated them is because, as you know,
9    when you file -- there is a limit on how many pro hac vice
10   applications you can file, number one, and you have to pay a
11   fee.  I felt it was unfair for you to have to file multiple pro
12   hac vice motions, when it is really the same case and the same
13   issue.  So that's why you are only required to have one pro hac
14   vice motion.  I granted it under the context of this case which
15   is the 19- -- I'm sorry, which is the 19-81181-MC-WM, and I
16   will grant your request to refund -- I forget the exact
17   amounts, but whatever the amount was in the motion, I will
18   grant the request to have the clerk refund that money.  I think
19   that's only fair.
20         So what about the rest of it, my colloquy with the
21   United States representative and attorney?  What is your
22   position on all of that?  Because this is an important issue,
23   and I wanted to hear from you, and I know it is important to
24   Mr. Patel.  It is also very important to the United States.
25         MR. SADOW:  Of course.
```

Tuesday, August 27, 2019.

1        THE COURT:  And I have not found -- and I need to

2   address that.  I have not found one case with this factual

3   scenario where any judge, whether district judge or magistrate

4   judge, had a hearing when it is a 853(f) and 981(b)(2) seizure

5   warrant -- have the type of evidentiary hearing you want or

6   hearing you want prior to a forfeiture proceeding being

7   instituted.  So if there is a case you are aware of, let me

8   know, and then any other thing you wanted to respond to was

9   fine.

10        MR. SADOW:  Thank you, Your Honor.

11        One thing I'm in accord with the Government on is we

12   are seeking due process.  The question becomes -- at least what

13   the Government is saying, what they consider due process

14   clearly is not what we consider due process.  So let me address

15   the question the Court just asked.

16        I have not found a single case which indicated that a

17   movant in Mr. Patel's position is entitled to a hearing.

18   Entitlement suggests that not to grant one would be error.  I

19   can't argue to the Court not to grant it would be error.  I'm

20   suggesting that the Court can exercise its discretion under the

21   supervisory powers of the Court to hold such a hearing in the

22   context -- in the same way it would do so if this was a 983(j)

23   restraining order.

24        THE COURT:  Do you have a case where a court has done

25   that, where the Government moved under 853(f) and 981(b)(2) and

1  decided to do that?

2          MR. SADOW:  The answer to that is no, I do not.

3          THE COURT:  All right, go ahead.

4          MR. SADOW:  And clearly, what the Government has

5  chosen as a vehicle stops me from being able to invoke

6  983(j)(1) or actually (j)(3) on its face.  I'm suggesting

7  though that if that reasoning is applied to a hearing to

8  determine between tainted and untainted assets, it holds from a

9  logical standpoint the same.  That is nothing in 981 that says

10  you can't hold a hearing.  There is nothing in 853 that says

11  you can't hold a hearing.  The question is whether or not you

12  choose to exercise your discretion to do so.

13          Now let me turn to a couple of the other things.

14          What the Government has said at least twice now is

15  that you have necessarily determined in granting the seizure

16  warrants that all of the funds are tainted.  I challenge that.

17  I don't know how it has been presented to Your Honor, and I

18  don't know whether or not you were actually focused at the time

19  in determining on a specific account or specific funds what was

20  and what was not necessarily tainted.  Now, if you did and that

21  is within the papers of the Government, of course, I still

22  haven't seen it; but, if Your Honor has necessarily found that,

23  that's one thing.  But there is nothing that states that or

24  indicates that which is why I went to *McCorkle* and said,

25  sometimes, you just don't have the whole story yet.

```
 1              And again, I'm not -- the issue here is what was the
 2   Court seizure order permitting.  It permitted the seizure
 3   because probable cause was shown.  Was probable cause shown as
 4   to all of the funds?  I don't know that.  But if I have
 5   evidence that I can bring to court to say that not all of the
 6   funds are tainted, due process, I'm suggesting, should at least
 7   open that door to give me a shot at doing so.  And here, I
 8   think we are in that posture.
 9              And strangely enough -- now we go back to the
10   affidavits.  The Government argument was, you don't know all of
11   the our theories of forfeiture.  A compelling interest in
12   keeping something sealed would not be under the theories of
13   forfeiture.  That's not going to reveal their investigation in
14   the sense of witnesses or evidence.  The theory is a theory.  I
15   want to combat the "theory."  And then they go on to say the
16   facts of tracing is also something that should remain sealed.
17   With all due respect, it is either traceable or it is not
18   traceable.
19              Now if they say the whole process is illegal, that's
20   one thing, but there is no reason why any of that needs to be
21   redacted from an affidavit.  A compelling interest, according
22   to the Government is, any time they are investigating, it is a
23   compelling interest.  That's not what the case law says.
24   That's not what the judge did in *Bennett*.  In *Bennett*, the
25   judge went through all of the information that he had before
```

Tuesday, August 27, 2019.

```
1    him and said, "Based on what I've got" --
2             THE COURT:  That she had.
3             MR. SADOW:  I'm sorry, that she had -- wrong
4    jurisdiction, don't know -- that she had, "that it was
5    compelling."  If the Court wants to go through and make that
6    analysis, by all means, I have to accept what the Court does.
7    But just because an investigation is under way, we know that.
8             As I wrote in my motion, I have been told by
9    Mr. Loper that my client is a target, so there is no question
10   about a criminal investigation.  The question becomes:  What is
11   going to be revealed that will harm -- irreparably harm or
12   potentially cause a harm to the Government's investigation?
13   And I'm suggesting the theories of forfeitability do not.  The
14   facts of tracing do not because those, if I'm correct, I could
15   be able to rebut in a hearing to determine whether the funds
16   are tainted or untainted.
17            You know, this tainted versus untainted is a
18   developing part of the law.  And if the Court goes back through
19   into the '80s and '90s and into the 2000s, you will see that
20   forfeiture is beginning to shrink.  There is a new attitude
21   about forfeiture.  And you can say in Kaley, for example -- and
22   the Government wants to use that to say probable cause -- Kaley
23   was a grand jury indictment; historically, the grand jury makes
24   a determination of probable cause, and the Supreme Court of the
25   United States said, very simply, "We are not going to do away
```

Tuesday, August 27, 2019.

1    with that."  That's not the same thing that we have here.

2            Respectfully, historically, seizure warrants are

3    fairly a new creature, and that's a determination the judge can

4    make.  And as the judge said in *McCorkle*, you know, "I might be

5    able to get more information and change my mind;" so we are not

6    talking about the same thing there.

7            I'm just -- and then you look at *Luis*, and *Luis* is

8    basically saying, for the first time, let's focus on tainted

9    versus untainted; and then *Chamberlain*, as I cited earlier from

10   the Fourth Circuit, is saying, really, the focus under the

11   statute should be tainted versus untainted.  And respectfully

12   to the Government, I'm not sure they even know what 983 permits

13   and doesn't permit for timing wise.  983(a)(1)(A)(i) speaks in

14   terms of a nonjudicial forfeiture.  A nonjudicial forfeiture,

15   under the law, is less than $500,000.  A judicial forfeiture is

16   over $500,000.  Clearly, we are over 500,000.  All of these

17   rules dealing with will 983(a)(1) and other provisions deal

18   with nonjudicial forfeiture.  So the idea that you have this

19   amount of time and that amount of time, that's all when you are

20   dealing with an administrative agency.  It is not when you are

21   dealing with a judicial forfeiture.

22           So the amount of time that the Government chooses to

23   take is obviously an issue.  And with all due respect, the idea

24   that I'm going to get access or a hearing to determine tainted

25   versus untainted, be it civil, be it criminal, the Government

Tuesday, August 27, 2019.

```
 1   knows that's not going to happen.  They are going to attempt to
 2   shut it down every single time we get to it.  And their
 3   position is going to be, Judge, you don't have to give him a
 4   hearing, and the law says that.  So I'm saying:  Why should we
 5   have to wait?  If I can't meet my burden, if you choose to give
 6   me a redacted affidavit that says nothing more than "here is
 7   their theory of forfeiture and here are the facts of tracing,"
 8   if I can't meet my burden, game is over.  They get to keep it.
 9   What is the harm to them to do that?  And I suggest the answer
10   to that is there is no harm, they just don't want to do it
11   because they run the risk that Your Honor might say, you know
12   what, 10.8 million, I can see where you can trace 7 million or
13   maybe even 8 million, but that still leaves a couple million
14   that you have to give back to him.  They don't have to worry
15   about that, if they take the position that there should never
16   be a hearing.  And there is no right to hearing under civil
17   forfeiture.  There is no right to hearing under up criminal.
18   Once the grand jury returns the indictment, I can't test
19   probable cause anymore.  That's *Kaley*.  Then I have to come in
20   and the only argument to make is, under *Luis*, my client has no
21   money to pay for me.  And clearly, I'm not in a position right
22   now to make an argument or I probably wouldn't be standing
23   here.  So I have no argument there either.
24            THE COURT:  Well, that is good news for you.
25            MR. SADOW:  Yeah, potentially, depends on where it
```

Tuesday, August 27, 2019.

1 might be come from which is a whole other question.

2         But I'm suggesting to the Court that here, you could

3 use your discretion and supervisory power to say, you know

4 what, this is a unique situation, I didn't necessarily focus

5 only on "tainted versus untainted;" I looked at the affidavit

6 in toto, and I'm willing to take another look at it and give

7 the movant an opportunity to show me why I might have been

8 incorrect as to all of the assets.  That's really all that we

9 are asking.

10        THE COURT:  All right.  Just so you -- I'm inclined

11 to very briefly hear from the Government ex parte as to the

12 timing of any of their future planned actions.  I think that

13 has relevance to how I decide to proceed in this case.  So I'm

14 going to, after we conclude the public hearing here, just very

15 briefly address that issue with the Government in a sealed,

16 in-camera fashion.

17        MR. SADOW:  I understand, and I believe that even

18 when it may hurt you, that it is imperative to be as candid as

19 one can possibly be with the Court.

20        I have figured a way around this problem.  I have a

21 verified claim ready for filing directly with the U.S.

22 Attorney's Office; and that verified will kick in the 983(c),

23 and they have 90 days.  If they don't file within 90 days, I

24 get the money back.  But that also gives them the option to

25 seek a continuance of that time for filing.

Tuesday, August 27, 2019.

```
 1            Now, I don't want to wait 90 days, and I don't want
 2  to deal with the idea of a continuance.  So if the Court is
 3  considering what it is considering, you might consider the fact
 4  that you lay down the law and say, guess what, folks, you don't
 5  file within your 90 days, I'm having a hearing; and that way,
 6  they don't get around the -- or they get to use provisions
 7  which I'm suggesting could get them out of this.
 8            The verified claim is here.  It is ready for filing.
 9  It has been signed, and it's for a judicial forfeiture.
10  Strangely, the way the statute is written, it never talks about
11  filing a claim for judicial forfeiture.  It is only nonjudicial
12  forfeiture, but it doesn't say you can't either.
13            So when you go hear from them, I'm ready to file
14  that.  It is ready to file today which would mean 90 days from
15  today, but for a continuance, they have got to file.  But that
16  won't be filed with you, that would be filed as I said --
17            THE COURT:  It would get blind filed.
18            MR. SADOW:  I'm just saying that if the Court is
19  considering this, what the Court could say is, if you don't do
20  it, you know, if you don't do it within 90 days, I'm going to
21  hold a hearing.
22            THE COURT:  Well, you know, the reason I set this
23  down so promptly and required a response is because I do think
24  it is important that due process is followed.  The question is
25  where and in what for forum is the due process afforded to the
```

Tuesday, August 27, 2019.

```
 1  movant, and that's really what I'm trying up to determine here.
 2           So, Miss Rosen, anything you wanted to briefly
 3  respond to before we have the ex parte proceeding?
 4           MS. ROSEN:  Just a couple of points, and this might
 5  be neither here nor there, but on the issue of 983, I raised it
 6  as a -- sort of a guideline for due process and notice.  I'm
 7  familiar with it, and I think that I -- and every single one of
 8  us has said that we want due process here.  I think -- but I do
 9  think that what Mr. Sadow is asking for is for the movant to
10  get more process than he is due under the case law.  And I
11  understand he wants his money back.  Working in asset
12  forfeiture, I find that most people do, and that doesn't mean
13  that just because he wants it and he filed a motion that he is
14  entitled to this hearing, that he is entitled to -- to these
15  documents both as a matter of law and as a matter of fairness.
16           I also just wanted to put on the record, in Bennett,
17  there were lengthy discussions about the Government's
18  investigation and compelling interest.  We haven't had that
19  here because we didn't provide an in-camera filing to Your
20  Honor because Your Honor had already reviewed -- reviewed the
21  documents.  And so when we do have that portion of the hearing,
22  you know, we can put on the record a little bit more about the
23  Government's interest.  But since Your Honor here was the one
24  who reviewed it, that I just want to make clear that that's why
25  this record doesn't develop that point much further.
```

Tuesday, August 27, 2019.

```
1                And finally, as to Your Honor's question about the
2    motion to seal, it is true that in this case, it's short.  As a
3    general matter, though, all of the documents surrounding the
4    seizure warrant with the exception the warrant itself which
5    obviously has to be unsealed, the Government would ask the
6    Court to consider the whole packet.  Now that being said, there
7    is less of an interest in the motion to seal; but, as a general
8    matter, the Government's compelling interest to keep things
9    under seal sort of permeates the whole filing.
10               THE COURT:  All right.  So here is what I'm going to
11   do.  First of all, I will say, Mr. Patel, you have very good
12   counsel.  Your Counsel have done an excellent job here today.
13               Government Counsel is excellent as well.
14               I'm going to take the matter under advisement, and
15   just move as quickly as I can on this because I know it is
16   important to everybody.
17               What I will do is, at this point, I will conclude the
18   hearing, and I will have just a very brief ex parte sealed
19   hearing with the Government prosecutors.  All right.
20               MR. SADOW:  Your Honor, may the record reflect that I
21   am now tendering to Counsel for the Government a verified claim
22   that says "original" on it because, technically, they get the
23   original of the verified claim because they are the seizing
24   party for the Attorney General.
25               THE COURT:  All right.
```

Tuesday, August 27, 2019.

44

```
1          MR. SADOW:  And I will file, in this case, a copy of
2   it as well, if the Court would like to see a copy of it.
3          THE COURT:  I don't.
4          Is that a -- what is the style on that?
5          MR. SADOW:  The style is for this case with Mr. Patel
6   being movant/claimant.
7          THE COURT:  I don't know if it is appropriate to file
8   it in this case.  I think it probably has to be filed as a new
9   civil action.
10          MR. SADOW:  Well --
11          THE COURT:  That's the concern that I have.  So I
12   can't tell you at this point whether it should be filed in this
13   action or not.  Typically, when that type of motion or pleading
14   is filed, it is usually filed as a new civil action and given a
15   case number.
16          MR. SADOW:  Right, and that would be under normal
17   circumstances, after a complaint of forfeiture has already been
18   filed and, as a result of that, there would be a case number.
19   So see if I can figure out an in-between.  I have tendered to
20   the Government a verified claim.  And what I'm going to do is
21   ask the court reporter to make a part of the record a copy of
22   the verified claim not for filing but as a part of the record
23   in this case so that it is shown that it, in fact, took place
24   with what it is.
25          THE COURT:  Without making a decision as to whether
```

Tuesday, August 27, 2019.

1  it is appropriate to file in this case, I'll let you attach

2  it -- I will let you make it a movant's exhibit to this

3  hearing.

4          MR. SADOW:  I will make it.

5          THE COURT:  Just make it Movant's Exhibit Number 1.

6  Is there any objection from.

7          He Government?

8          MS. ROSEN:  Not on that.

9          I agree with you that this will probably need to be

10  its own civil filing, and so I will acknowledge that I received

11  this copy.  But if you determine that it should be a separate

12  civil filing, please provide us --

13          MR. SADOW:  To be honest, I don't believe I have to

14  file it at all.  I simply have to give it to an attorney

15  general or one of his representatives, since they were the

16  seizing entity.

17          THE COURT:  All right.  You know what, I'm not going

18  to decide on that issue now whether you are procedurally

19  correct.  I'll just say that I'll let you make that exhibit

20  Movant's Exhibit 1 to this hearing and determine what weight,

21  if any, to give it and how to handle it.

22          MR. SADOW:  Attached to the verified claim are the

23  six seizure warrants as an attachment.

24          THE COURT:  All right, thank you.

25          MS. ROSEN:  And, Your Honor, I also just want to put

Tuesday, August 27, 2019.

1    on the record that we seized two vehicles, and Mr. Sadow has

2    given me the keys for those vehicles.

3              THE COURT:  Okay.

4              MR. SADOW:  And that is not a subject matter of the

5    proceeding before you.

6              THE COURT:  All right.

7              And the way it -- you will need to electronically

8    file that exhibit, after everything is unsealed.  That exhibit

9    would not be sealed.  That would be an unsealed exhibit.

10             After the hearing, if necessary, you can speak to Ken

11   Zuniga, my courtroom deputy.  He will explain the process.

12             MR. SADOW:  I will definitely speak to him so he can

13   explain it.

14             THE COURT:  Anything else before we conclude the

15   hearing?

16             The hearing is concluded as far as the public

17   hearing.

18        (PROCEEDINGS ADJOURNED AT 2:44 p.m.)

19

20

21

22

23

24

25

Tuesday, August 27, 2019.

```
 1                      C-E-R-T-I-F-I-C-A-T-E

 2              I hereby certify that the foregoing is

 3         an accurate transcription and proceedings in the

 4         above-entitled matter.

 5
      9/1/2019                    /s/DIANE MILLER
 6    DATE                    DIANE MILLER, RMR, CRR, CRC
                             Official Court Reporter
 7                           United States District Court
                             701 Clematis Street, Room 259
 8                           West Palm Beach, FL  33401
                             561-514-3728
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Tuesday, August 27, 2019.

MR. SADOW: [35]  2/16 2/22 3/17 5/5
7/13 7/24 8/24 11/20 11/22 12/2 12/5
18/8 18/10 18/12 18/15 22/6 22/10
22/24 33/5 33/24 34/9 35/1 35/3
39/24 40/16 41/17 43/19 43/25 44/4
44/9 44/15 45/3 45/12 45/21 46/11
MS. ROSEN: [27]  2/12 3/14 4/18
4/23 6/10 6/24 8/18 10/1 10/24 11/5
22/14 23/17 25/5 27/7 27/15 27/17
28/12 29/21 30/18 31/3 31/17 31/25
32/4 32/24 42/3 45/7 45/24
MS. SZTYNDOR: [2]  2/18 2/21
THE COURT: [60]
THE COURTROOM DEPUTY: [1]  2/7

**$**

$10,000 [1]  28/4
$10.8 [6]  13/21 14/17 15/21 19/21
 21/18 28/3
$10.8 million [5]  13/21 14/17 15/21
 19/21 21/18
$100,000 [1]  19/21
$20 [1]  17/10
$50,000 [1]  19/21
$500,000 [2]  38/15 38/16

**'**

'80s [1]  37/19
'90s [1]  37/19

**/**

/equitable [1]  18/19
/s/DIANE [1]  47/5

**1**

10.8 million [1]  39/12
100 [1]  19/24
1090 [1]  26/3
11 [1]  17/5
1105 [1]  26/4
134 [1]  26/3
1345 [1]  23/24
150 [1]  25/19
17 [5]  4/9 4/10 4/13 5/9 5/16
18 [5]  8/6 13/1 18/25 21/13 29/16
19 [1]  33/15
19-81181 [1]  5/9
19-81181-MC-Matthewman [2]  1/2 2/9
19-81181-MC-WM [2]  4/8 33/15
1984 [1]  18/13

**2**

2000s [1]  37/19
2014 [1]  26/3
2017 [2]  20/16 20/18
2019 [2]  1/5 47/5
21 [6]  5/22 8/6 8/7 13/1 13/10 29/16
233 [1]  1/15
2502 [1]  1/13
259 [1]  47/7
260 [1]  1/12
27 [1]  1/5
290 [1]  20/18
2:44 [1]  46/18
2B [2]  6/19 10/2

**3**

30 [3]  19/10 25/17 25/17
30303 [1]  1/13
33132 [1]  1/20
33134 [1]  1/16
33401 [2]  1/24 47/8
3728 [2]  1/24 47/8

**4**

41 [22]  5/21 5/25 6/2 6/2 6/4 6/6 6/15
6/17 6/19 6/23 7/8 7/22 8/1 8/2 8/11
8/14 9/8 9/12 9/19 14/11 18/19 29/20
4th [1]  1/19

**5**

500,000 [1]  38/16
514-3728 [1]  1/24
56 [1]  1/6
561 [1]  1/24
561-514-3728 [1]  47/8

**6**

60 [2]  25/16 25/17

**7**

701 [2]  1/23 47/7
73 [1]  25/9
73-day [1]  11/13
734 [2]  18/9 18/10
735 [2]  18/9 18/11
745 [1]  18/10
7th [1]  1/19

**8**

81181 [1]  5/9
853 [12]  8/7 8/7 13/10 21/12 24/21
24/22 25/2 29/16 30/12 34/4 34/25
35/10
868 [1]  20/18

**9**

9/1/2019 [1]  47/5
90 [7]  25/18 40/23 40/23 41/1 41/5
41/14 41/20
953 [1]  5/23
981 [12]  8/6 8/7 13/1 13/9 14/14
14/24 21/12 29/17 30/12 34/4 34/25
35/9
982 [3]  21/12 21/12 21/13
983 [12]  13/2 13/4 14/14 14/24 18/25
34/22 35/6 38/12 38/13 38/17 40/22
42/5
99 [1]  1/19

**A**

able [6]  14/15 18/4 21/5 35/5 37/15
38/5
above [1]  47/4
above-entitled [1]  47/4
accept [1]  37/6
access [2]  13/23 38/24
accomplished [1]  13/4
accord [1]  34/11
according [3]  12/13 12/23 36/21
account [2]  17/12 21/18 35/19
accounts [7]  3/11 3/14 10/16 12/10

13/22 15/12 16/5
accurate [1]  47/3
acknowledge [1]  45/10
Act [2]  25/13 25/20
action [4]  27/11 44/9 44/13 44/14
actions [2]  32/22 40/12
activity [2]  17/15 17/18
actually [3]  8/10 35/6 35/18
Additionally [2]  5/10 8/13
address [10]  2/5 3/7 4/2 4/3 6/8 10/20
22/5 34/2 34/14 40/15
adequate [3]  7/1 11/11 27/4
ADJOURNED [1]  46/18
administrative [2]  26/25 38/20
ADRIENNE [2]  1/17 2/14
adversarial [2]  20/1 21/11
adversary [1]  20/5
advise [1]  32/21
advisement [1]  43/14
affidavit [7]  15/19 21/21 29/7 29/12
36/21 39/6 40/5
affidavits [14]  4/4 4/14 5/17 7/15 9/6
12/15 14/19 14/19 16/3 30/2 30/2
30/5 31/2 36/10
afforded [1]  41/25
after [10]  4/5 11/13 18/14 25/24 31/10
31/20 40/14 44/17 46/8 46/10
afternoon [6]  2/2 2/13 2/15 2/17 2/20
32/24
again [6]  14/14 18/22 20/23 29/2
30/11 36/1
against [3]  2/9 3/19 4/12
agency [1]  38/20
ago [4]  12/19 12/19 16/23 27/2
agree [7]  3/17 3/18 5/4 8/18 10/7
19/24 45/9
ahead [4]  2/3 10/21 27/17 35/3
akin [1]  18/21
alleged [1]  27/1
allow [1]  14/8
allowed [2]  24/7 29/19
allows [3]  13/1 19/5 23/24
almost [1]  20/14
alone [1]  9/2
along [1]  30/2
already [6]  16/15 17/1 26/14 30/7
42/20 44/17
also [12]  2/20 22/18 26/1 27/23 29/6
30/1 32/10 33/24 36/16 40/24 42/16
45/25
although [1]  30/21
am [7]  5/7 5/16 7/25 15/21 19/18 21/3
43/21
Amendment [8]  10/24 11/4 19/22
19/25 20/3 21/4 28/21 29/3
AMERICA [1]  1/6
amongst [1]  20/19
amount [5]  28/4 33/17 38/19 38/19
38/22
amounts [1]  33/17
analogize [1]  24/10
analogue [1]  29/23
analysis [3]  18/18 32/7 37/6
and/or [1]  32/8
another [5]  6/21 7/1 10/17 22/25 40/6
answer [5]  12/17 12/17 31/7 35/2 39/9

**A**

anymore [1]  39/19
anything [7]  3/8 13/19 14/19 21/19 32/11 42/2 46/14
apologize [1]  6/11
appear [1]  32/21
appearances [2]  1/11 2/11
applicable [2]  6/3 6/24
application [2]  6/5 25/2
applications [2]  33/5 33/10
applied [1]  35/7
applies [2]  9/12 9/19
apply [1]  10/11
appreciate [1]  20/15
approach [1]  11/21
appropriate [8]  3/3 3/23 9/9 15/10 29/11 33/7 44/7 45/1
argue [3]  8/10 17/11 34/19
argument [15]  4/22 4/25 8/14 11/5 14/9 17/25 21/24 24/24 25/7 30/8 30/8 36/10 39/20 39/22 39/23
around [2]  40/20 41/6
arrest [2]  11/2 11/3
asked [4]  12/14 16/24 24/16 34/15
asking [11]  3/4 12/14 16/9 16/12 17/6 17/6 17/7 18/1 18/2 40/9 42/9
aspect [2]  13/2 22/17
asset [3]  25/13 25/19 42/11
assets [17]  14/2 14/5 20/8 20/20 21/3 21/6 21/14 23/20 23/24 24/4 24/5 24/7 25/22 29/4 31/24 35/8 40/8
assignment [1]  15/14
assume [5]  3/1 12/17 17/10 17/18 28/19
assuming [2]  13/8 19/13
assumption [1]  15/9
Atlanta [1]  1/13
attach [2]  28/21 45/1
Attached [1]  45/22
attachment [1]  45/23
attempt [1]  39/1
attitude [1]  37/20
attorney [5]  16/1 28/18 33/21 43/24 45/14
Attorney's [2]  1/18 40/22
AUGUST [1]  1/5
AUSA [2]  1/17 1/18
authority [1]  21/2
automatic [2]  28/16 29/6
Avenue [1]  1/15
aware [3]  29/2 29/21 34/7
away [4]  15/18 17/7 21/10 37/25

**B**

Bailey [1]  16/23
baked [1]  25/19
banc [1]  20/25
Bank [2]  10/16 26/22
Bank case [1]  26/22
bankrupt [1]  30/15
based [6]  16/7 16/8 25/8 28/7 37/1
basically [2]  8/2 38/8
basis [5]  8/10 13/13 14/1 14/20 32/3
BB [1]  15/12
BEACH [6]  1/2 1/4 1/24 15/11 15/13 47/8

becomes [2]  34/12 37/10
before [15]  1/9 11/13 14/1 17/16 20/21 22/5 22/16 26/25 32/20 33/1 33/3 36/25 42/3 46/5 46/14
begin [1]  30/18
beginning [1]  37/20
behind [1]  16/4
believe [10]  3/2 3/20 4/9 6/5 6/16 9/2 22/21 28/8 40/17 45/13
bench [1]  15/6
Bennett [8]  29/23 30/3 30/9 30/24 31/14 36/24 36/24 42/16
best [1]  29/23
between [3]  21/1 35/8 44/19
bit [3]  10/21 16/3 42/22
blind [1]  41/17
both [2]  12/22 42/15
box [1]  8/8
brief [8]  6/7 6/19 8/5 10/3 10/15 22/21 32/18 43/18
briefly [3]  40/11 40/15 42/2
briefs [1]  30/20
bring [1]  36/5
broad [1]  15/25
brought [1]  14/13
burden [4]  16/10 21/16 39/5 39/8
burden that [1]  21/16
business [1]  6/1

**C**

C-E-R-T-I-F-I-C-A-T-E [1]  47/1
CAFRA [2]  25/12 25/15
cake [1]  25/19
call [1]  2/3
called [4]  16/21 17/3 18/6 20/16
Calling [1]  2/8
callus [3]  10/6 10/9 18/18
came [1]  20/12
camera [3]  27/12 40/16 42/19
can't [15]  14/25 17/25 20/10 21/9 21/9 21/9 24/2 34/19 35/10 35/11 39/5 39/8 39/18 41/12 44/12
candid [1]  40/18
cannot [2]  14/6 23/19
care [2]  16/2 18/2
carefully [1]  10/8
carry [1]  21/15
case [59]
cases [7]  10/12 11/12 24/9 25/9 28/16 29/5 30/19
cause [23]  13/8 13/9 13/13 16/16 16/18 17/1 18/23 19/4 24/10 24/11 24/12 24/19 26/5 26/8 26/10 26/19 29/7 36/3 36/3 37/12 37/22 37/24 39/19
certain [4]  14/20 14/21 20/4 25/8
certify [1]  47/2
challenge [3]  3/11 13/16 35/16
challenged [1]  13/13
challenging [1]  3/12
Chamberlain [3]  20/16 20/17 38/9
chance [2]  15/3 17/20
change [2]  27/24 38/5
changed [1]  24/6
charged [1]  21/7
choose [4]  13/14 23/2 35/12 39/5

chooses [1]  38/22
chosen [1]  35/5
circuit [10]  8/20 9/17 14/7 18/6 20/15 20/18 20/19 20/22 20/25 38/10
circuits [1]  20/19
circumstance [1]  9/15
circumstances [5]  7/2 9/25 20/4 28/8 44/17
cite [2]  18/8 18/9
cited [1]  18/9
civil [34]  6/23 7/4 7/20 7/21 8/1 8/1 8/5 9/1 9/1 12/12 12/23 13/3 15/4 15/8 15/15 15/20 22/11 22/16 22/19 22/20 23/3 23/7 23/24 25/5 25/13 25/19 26/23 27/6 38/25 39/16 44/9 44/14 45/10 45/12
civilly [1]  22/19
claim [13]  4/1 7/5 25/15 25/18 29/20 40/21 41/8 41/11 43/21 43/23 44/20 44/22 45/22
claimant [2]  25/14 44/6
clear [3]  22/23 28/8 42/24
clearly [4]  34/14 35/4 38/16 39/21
Clematis [2]  1/23 47/7
clerk [3]  4/6 5/8 33/18
client [2]  37/9 39/20
client's [4]  13/22 15/21 16/5 17/12
clue [1]  14/18
Code [3]  5/23 29/16 29/17
colloquy [1]  33/20
combat [1]  36/15
come [14]  6/17 13/11 13/16 13/25 14/15 16/10 17/14 17/16 19/5 28/20 29/13 30/12 39/19 40/1
comes [1]  3/21 17/12 19/23
coming [1]  14/23
company [1]  32/8
compelling [10]  17/24 17/25 30/25 32/22 36/11 36/21 36/23 37/5 42/18 43/8
complaint [5]  15/5 15/8 18/25 19/2 44/17
complete [1]  22/22
complex [1]  3/5
concern [2]  27/2 44/11
concerns [1]  32/12
conclude [3]  40/14 43/17 46/14
concluded [1]  46/16
conduct [1]  32/7
conferred [1]  12/13
conferring [1]  24/16
consider [5]  9/13 34/13 34/14 41/3 43/6
considerable [1]  23/11
considered [2]  9/9 10/8
considering [6]  5/20 26/7 32/23 41/3 41/3 41/19
consolidate [1]  4/7
consolidated [1]  33/8
consulting [1]  4/6
contained [1]  32/4
contemplated [1]  9/25
context [4]  29/19 30/17 33/14 34/22
continuance [3]  40/25 41/2 41/15
continuing [2]  9/11 11/10
conversing [1]  16/14

**C**

conviction [3]  7/10 14/6 23/20
copy [4]  44/1 44/2 44/21 45/11
Coral [1]  1/16
costs [1]  26/9
could [15]  13/4 13/10 14/9 14/24
 20/20 23/1 27/12 31/2 32/9 32/9
 32/23 37/14 40/2 41/7 41/19
couldn't [1]  18/24
counsel [20]  2/18 3/7 3/9 7/12 7/13
 11/19 11/19 12/14 16/25 19/22 19/25
 20/3 20/5 20/11 28/6 31/20 43/12
 43/12 43/13 43/21
Counsel's [1]  30/20
couple [5]  18/14 31/21 35/13 39/13
 42/4
course [5]  16/20 19/16 21/20 33/25
 35/21
Court's [2]  12/13 26/15
courtroom [2]  2/6 46/11
courts [1]  4/12
CRC [1]  47/6
creature [1]  38/3
criminal [34]  5/25 6/6 6/18 6/23 7/3
 7/20 7/21 8/3 8/9 10/1 10/13 12/11
 12/21 12/22 16/1 17/15 17/18 20/1
 21/13 23/3 24/4 25/5 25/21 25/21
 26/23 27/7 28/20 29/7 29/9 29/12
 31/23 37/10 38/25 39/17
criminal-related [1]  12/21
criminally [1]  22/18
CRR [2]  1/22 47/6
Ct [1]  26/3

**D**

date [3]  11/9 27/11 47/6
day [2]  7/8 11/13
days [14]  12/19 25/9 25/16 25/17
 25/17 25/18 25/19 26/23 40/23 40/23
 41/1 41/5 41/14 41/20
deal [3]  20/12 38/17 41/2
dealing [5]  12/9 32/14 38/17 38/20
 38/21
deals [2]  10/12 30/1
Dean [3]  9/17 9/23 9/25
decide [4]  9/8 33/1 40/13 45/18
decided [3]  13/20 20/16 35/1
decides [1]  25/4
decision [6]  9/4 18/6 18/13 24/23 26/3
 44/25
decisions [1]  17/3
deem [1]  3/23
deems [1]  15/10
defendant [4]  6/17 7/2 28/18 28/22
defendants [1]  6/15
defense [3]  7/12 11/19 16/1
definitely [1]  46/12
definition [1]  27/9
delay [3]  11/13 22/5 26/25
denied [2]  30/4 30/5
depending [1]  23/14
depends [1]  39/25
deputy [1]  46/11
determination [4]  15/22 18/4 37/24
 38/3
determinations [1]  17/23

determine [10]  3/7 3/22 7/19 13/12
 35/8 37/15 38/24 42/1 45/11 45/20
determined [1]  35/15
determining [1]  35/19
develop [1]  42/25
developed [1]  17/4
developing [1]  37/18
diane [4]  1/22 1/25 47/5 47/6
difference [2]  21/10 21/14
different [4]  4/6 32/14
directing [1]  5/8
directly [3]  21/6 31/24 40/21
disagree [1]  25/11
disagreed [1]  20/21
disagreement [1]  7/25
disclosed [1]  30/8
disclosing [1]  32/13
discovery [2]  29/8 29/13
discretion [7]  9/16 9/23 9/24 19/18
 34/20 35/12 40/3
discuss [2]  27/13 27/13
discussions [2]  31/6 42/17
disprove [1]  17/15
dispute [1]  29/9
disregard [3]  10/6 10/9 18/18
distinction [1]  21/1
district [9]  1/1 1/1 9/3 10/17 15/9
 15/14 16/22 34/3 47/7
DIVISION [1]  1/2
docket [5]  4/9 4/10 4/13 5/9 5/15
documents [5]  5/18 9/7 42/15 42/21
 43/3
doesn't [9]  10/14 11/4 12/11 21/10
 21/13 38/13 41/12 42/12 42/25
doing [3]  13/24 15/7 36/7
done [8]  3/8 13/7 13/8 14/17 19/4
 30/21 34/24 43/12
door [1]  36/7
doubt [1]  23/5
down [9]  2/25 3/2 3/4 15/19 28/20
 30/15 39/2 41/4 41/23
due [14]  20/3 28/7 29/20 34/12 34/13
 34/14 36/6 36/17 38/23 41/24 41/25
 42/6 42/8 42/10

**E**

earlier [1]  38/9
either [9]  3/1 5/11 6/23 9/13 15/16
 29/19 36/17 39/23 41/12
electronically [1]  46/7
Eleventh [3]  9/17 14/6 18/6
else [4]  2/21 7/21 20/21 46/14
en [1]  20/25
end [3]  5/1 15/16 20/17
enhanced [1]  26/9
enough [8]  5/6 8/25 15/4 16/9 16/14
 17/2 20/14 36/9
enter [2]  5/8 9/7
entering [1]  5/1
entertain [1]  16/13
entire [1]  21/24
entirely [1]  17/15
entitled [9]  25/2 28/11 28/14 28/24
 30/14 34/17 42/14 42/14 47/4
Entitlement [1]  34/18
entity [2]  4/2 45/16

entries [6]  4/9 4/10 4/13 4/20 5/9 5/15
enumerated [1]  3/13
equate [1]  26/15
equitable [13]  8/3 9/16 9/24 10/3 10/4
 10/19 11/14 11/17 14/11 14/22 17/22
 18/16 18/19
equitably [1]  16/13
equivalent [3]  14/3 23/25 24/4
error [2]  34/18 34/19
especially [1]  11/6
ESQ [2]  1/12 1/14
essentially [1]  18/19
evaluated [1]  26/18
even [18]  4/1 6/2 9/12 9/12 10/17
 12/24 16/20 17/18 22/2 22/25 23/3
 25/1 25/15 25/18 28/5 38/12 39/13
 40/17
eventually [1]  22/2
ever [2]  22/8 22/13
every [5]  16/3 22/13 31/5 39/2 42/7
everybody [3]  14/7 20/21 43/16
Everyone [1]  23/19
everything [8]  14/17 16/19 17/17 18/1
 24/15 24/18 29/10 46/8
evidence [8]  10/13 17/16 19/8 19/9
 19/9 29/10 36/5 36/14
evidentiary [7]  3/3 26/9 26/11 26/13
 28/14 28/22 34/5
ex [6]  32/21 33/4 33/4 40/11 42/3
 43/18
exact [3]  6/16 11/9 33/16
exactly [2]  15/20 19/3
example [4]  7/2 10/13 11/12 37/21
excellent [2]  43/12 43/13
exception [1]  43/4
excuse [2]  8/6 21/12
exercise [6]  8/3 9/16 17/21 19/18
 34/20 35/12
exercised [1]  11/17
exhibit [7]  45/2 45/5 45/19 45/20 46/8
 46/8 46/9
exhibited [1]  10/6
exist [1]  18/25
exists [2]  7/1 26/19
expect [1]  12/14
experience [1]  25/8
explain [3]  13/25 46/11 46/13
extension [1]  15/17
extent [2]  4/24 6/25

**F**

F.2d [1]  18/9
F.3d [1]  20/18
face [4]  7/16 7/19 12/10 35/6
fact [6]  17/12 17/17 27/5 29/3 41/3
 44/23
factors [1]  10/11 10/14 10/20
facts [7]  27/19 28/8 31/5 31/6 36/16
 37/14 39/7
factual [2]  24/20 34/2
fair [1]  33/19
fairly [1]  38/3
fairness [2]  42/15
familiar [1]  42/7
far [6]  9/5 9/8 9/21 10/9 19/8 46/16
fashion [1]  40/16

**F**

federal [3]  4/12 5/25 6/6
federally [1]  29/21
fee [1]  33/11
feel [1]  5/1
fees [1]  33/4
felt [1]  33/11
few [2]  15/7 31/19
Fifth [1]  20/3
figure [1]  44/19
figured [1]  40/20
file [23]  6/15 7/5 15/4 15/17 15/18
  22/11 23/3 25/14 25/17 25/17 33/9
  33/10 33/11 40/23 41/5 41/13 41/14
  41/15 44/1 44/7 45/1 45/14 46/8
filed [20]  6/18 6/22 7/7 7/14 8/9 12/19
  15/9 15/10 19/1 31/14 33/3 41/16
  41/16 41/17 42/13 44/8 44/12 44/14
  44/14 44/18
files [1]  22/3
filing [18]  18/24 22/12 33/4 40/21
  40/25 41/8 41/11 42/19 43/9 44/22
  45/10 45/12
final [1]  9/3
finally [1]  43/1
financial [1]  32/7
find [3]  5/11 30/19 42/12
finding [9]  17/1 19/4 24/10 24/11
  24/13 24/19 26/14 26/15 26/16
findings [1]  26/8
finds [1]  20/8
fine [2]  5/3 34/9
finished [1]  20/14
firm [1]  21/1
first [9]  2/11 3/10 4/18 6/9 10/4 25/6
  28/17 38/8 43/11
fit [1]  10/14
FL [2]  1/24 47/8
flag [1]  8/21
Floor [1]  1/19
FLORIDA [6]  1/1 1/4 1/16 1/20 2/18
  16/22
flow [1]  17/13
flsd.uscourts.gov [1]  1/25
focus [6]  11/24 14/4 28/12 38/8 38/10
  40/4
focused [2]  29/2 35/18
folks [1]  41/4
followed [1]  41/24
footnote [1]  17/5
forced [1]  23/11
foregoing [1]  47/2
forfeit [2]  22/17 22/18
forfeitability [1]  37/13
forfeitable [3]  20/9 20/10 31/24
forfeited [1]  6/14
forfeiture [58]
forget [2]  33/3 33/16
forth [2]  18/18 19/23
forum [1]  41/25
found [11]  10/17 16/16 16/18 25/9
  26/5 26/10 29/17 34/1 34/2 34/16
  35/22
Fourth [6]  20/15 20/18 20/19 20/22
  20/25 38/10
framework [1]  10/3

frankly [1]  28/25
frequently [1]  17/2
fully [1]  17/4
funds [23]  12/16 16/5 18/5 20/9 23/11
  23/21 23/23 24/8 24/12 24/15 24/17
  24/25 26/19 27/2 27/4 27/5 28/15
  28/18 35/16 35/19 36/4 36/6 37/15
further [4]  10/21 15/2 22/16 42/25
future [5]  11/8 27/7 27/9 32/22 40/12

**G**

Gables [1]  1/16
game [1]  39/8
general [6]  29/4 32/12 43/3 43/7
  43/24 45/15
genetic [1]  17/19
genetics [1]  19/12
Georgia [1]  1/13
gets [1]  13/14
getting [2]  9/19 9/20
give [14]  12/15 17/7 18/21 24/2 25/13
  25/14 30/17 36/7 39/3 39/5 39/14
  40/6 45/14 45/21
given [5]  21/10 21/15 28/7 44/14 46/2
gives [2]  28/15 40/24
giving [2]  15/19 20/15
goes [5]  19/8 19/11 21/4 22/16 37/18
gone [2]  17/17 21/18
good [8]  2/2 2/13 2/15 2/17 2/20 18/7
  39/24 43/11
got [4]  4/5 28/23 37/1 41/15
Government [71]
Government's [17]  4/16 8/4 9/25
  11/16 13/18 15/2 17/18 19/14 21/2
  21/17 21/20 30/25 31/17 37/12 42/17
  42/23 43/8
governs [1]  21/12
grand [6]  26/4 26/10 26/16 37/23
  37/23 39/18
grant [7]  9/10 29/4 29/6 33/16 33/18
  34/18 34/19
granted [2]  30/6 33/14
granting [2]  24/23 35/15
groundwork [1]  11/25
guess [6]  4/25 8/15 8/17 12/20 28/13
  41/4
guideline [1]  42/6

**H**

hac [5]  4/16 33/5 33/9 33/12 33/13
half [1]  7/6
handle [1]  45/21
happen [5]  15/8 15/17 25/8 28/25
  39/1
happening [1]  22/6
happens [1]  22/13
harm [6]  31/15 37/11 37/12
  39/9 39/10
harm's [1]  32/10
harming [1]  17/23
hasn't [1]  14/4
have [104]
haven't [5]  6/7 7/7 7/8 35/22 42/18
having [4]  4/6 7/21 25/24 41/5
healthcare [1]  16/7
hear [5]  3/20 31/20 33/23 40/11 41/13

heard [1]  19/5
hearing [58]
hearings [1]  28/25
held [3]  3/12 4/1 20/20
help [1]  27/12
here [35]  3/7 3/11 6/3 6/8 7/6 11/12
  12/17 12/24 14/1 17/6 17/11 17/19
  18/21 21/15 25/5 26/15 30/1
  32/14 36/1 36/7 38/1 39/6 39/7 39/23
  40/2 40/14 41/8 42/1 42/5 42/8 42/19
  42/23 43/10 43/12
hereby [1]  47/2
hesitate [1]  15/25
hesitating [1]  27/8
him [5]  30/22 37/1 39/3 39/14 46/12
historically [2]  37/23 38/2
hold [5]  14/22 34/21 35/10 35/11
  41/21
holds [1]  35/8
honest [2]  17/9 45/13
Honor [46]  2/13 2/17 3/15 4/19 5/2 5/6
  6/11 7/14 8/19 10/2 10/7 10/8 10/25
  11/24 12/9 13/6 13/7 14/13 15/13
  16/6 17/7 17/14 17/21 18/11 19/7
  22/7 23/18 24/22 27/12 27/23 29/1
  29/22 30/19 31/4 32/1 32/5 33/6
  34/10 35/17 35/22 39/11 42/20 42/20
  42/23 43/20 45/25
Honor's [4]  11/15 24/19 27/24 43/1
HONORABLE [1]  1/9
house [1]  6/1
however [4]  6/17 10/15 20/2 30/6
hurt [1]  40/18
hybrid [1]  9/2

**I**

I'll [6]  5/8 22/14 32/16 45/1 45/19
  45/19
I'm [85]
I've [1]  37/1
idea [5]  10/5 10/22 38/18 38/23 41/2
illegal [1]  36/19
immediately [1]  25/24
imperative [1]  40/18
important [6]  18/23 33/22 33/23 33/24
  41/24 43/16
impression [1]  3/1
in-between [1]  44/19
in-camera [2]  40/16 42/19
inclined [1]  40/10
includes [1]  25/22
including [2]  29/10 29/10
incorrect [1]  40/8
indefinitely [1]  24/25
independent [1]  26/18
indicate [3]  11/3 12/11 22/19
indicated [3]  26/22 31/15 34/16
indicates [1]  35/24
indictment [13]  6/18 11/2 11/4 19/2
  23/4 23/5 25/22 26/12 28/20 31/9
  31/9 37/23 39/18
individual [3]  20/6 21/10 28/7
individuals [3]  32/7 32/8 32/10
inexplicably [1]  3/22
information [7]  12/15 16/9 23/15 32/9
  32/13 36/25 38/5

**I**

initiating [3]   11/8 11/10 11/13
initiation [2]   26/23 26/25
instead [1]   4/6
institute [1]   25/4
instituted [2]   29/12 34/7
instituting [1]   27/6
intended [1]   10/20
interest [11]   17/24 18/1 31/1 31/22
36/11 36/21 36/23 42/18 42/23 43/7
43/8
interested [4]   16/1 16/4 17/9 19/7
interesting [1]   16/21
interestingly [2]   16/14 20/14
interrupt [1]   22/22
investigating [1]   36/22
investigation [15]   11/9 17/8 27/10
28/1 31/6 31/7 31/23 32/6 32/9 32/13
36/13 37/7 37/10 37/12 42/18
investigations [1]   32/15
invoke [5]   9/15 9/22 11/14 20/7 35/5
involve [2]   4/14 4/15
involves [5]   3/13 31/5 32/6 32/7 32/7
irreparably [1]   37/11
is [275]
isn't [2]   8/15 20/9
issue [27]   4/3 6/7 6/7 6/8 6/8 8/15
8/15 8/17 10/24 18/19 25/1 25/1
27/18 27/22 28/4 28/5 28/6 28/10
28/13 30/1 33/13 33/22 36/1 38/23
40/15 42/5 45/18
issued [4]   12/3 12/9 29/15 29/18
issues [1]   3/7
it [175]
it's [7]   9/16 13/7 18/13 20/17 30/8
41/9 43/2
items [1]   6/14
its [11]   7/19 9/22 9/23 13/24 17/8 17/8
30/8 30/8 34/20 35/6 45/10
itself [3]   20/13 29/4 43/4

**J**

job [1]   43/12
judge [1]   1/10 15/14 16/15 16/24
17/1 26/7 29/24 30/4 31/14 34/3 34/3
34/4 36/24 36/25 38/3 38/4 39/3
Judges [1]   17/2
judicial [4]   38/15 38/21 41/9 41/11
jurisdiction [13]   8/3 8/10 9/1 9/13 9/16
11/14 11/17 14/12 16/12 17/22 18/19
29/23 37/4
jurisdictional [1]   8/13
jurisdictions [1]   8/21
jury [5]   26/4 26/10 37/23 37/23 39/18
jury's [1]   26/16

**K**

Kaley [5]   26/1 26/2 37/21 37/22 39/19
Kaplan [1]   29/6
keep [3]   20/10 39/8 43/8
keeping [1]   36/12
Ken [1]   46/10
keys [1]   46/2
kick [2]   11/4 40/22
kicked [1]   19/25
kicks [1]   20/3

kind [2]   10/19 21/23
knows [7]   5/13 14/7 20/2 23/4 23/19
23/20 39/1

**L**

L-A-I-N at [1]   20/17
LabSolutions [11]   3/12 3/21 12/4
12/22 17/11 17/12 17/14 17/17 19/11
19/13 27/20
language [1]   6/16
large [2]   28/1 28/1
LASERNA [2]   1/18 2/14
later [1]   3/20
law [16]   7/1 8/20 10/12 11/2 11/11
18/7 19/17 20/2 25/25 36/23 37/18
38/15 39/4 41/4 42/10 42/15
lawyer [1]   10/18
lawyers [1]   10/23
lay [2]   11/25 41/4
least [19]   12/23 19/10 21/15 21/16 22/7
25/19 34/12 35/14 36/6
leave [1]   23/15
leaves [1]   39/13
Lee [1]   16/23
legal [1]   4/24
lengthy [1]   42/17
lens [1]   28/2
less [3]   25/10 38/15 43/7
let [19]   3/8 3/10 4/17 5/19 6/9 13/21
15/2 26/21 29/14 30/24 32/16 32/17
33/1 34/7 34/14 35/13 45/1 45/2
45/19
let's [8]   2/3 2/11 7/9 28/19 28/19
28/19 28/20 38/8
light [2]   12/1 17/3
like [9]   4/11 5/2 19/4 19/5 23/14 26/1
27/14 31/14 44/2
likely [1]   12/21
limit [1]   33/9
line [2]   16/21 28/16
little [6]   2/5 3/20 10/21 11/25 23/15
42/22
logical [1]   35/9
logon [1]   20/11
look [10]   9/11 13/2 13/3 16/11 20/22
28/2 32/16 32/17 38/7 40/6
looked [1]   40/5
looking [3]   7/19 19/14 20/24
looks [1]   27/14
Loper [1]   37/9
lot [5]   10/12 16/24 25/7 27/25 30/15
Luis [14]   20/12 23/23 23/23 24/2 24/6
24/7 24/12 28/17 29/1 29/2 29/4 38/7
38/7 39/20
LYNN [1]   1/14

**M**

made [3]   17/1 24/22 31/3
magistrate [2]   1/10 34/3
main [2]   28/10 28/12
make [23]   6/12 7/17 8/6 14/8 17/22
18/4 19/3 21/10 21/13 22/21 22/23
27/9 28/22 37/5 38/4 39/20 39/22
42/24 44/21 45/2 45/4 45/5 45/19
makes [5]   7/22 8/13 13/24 32/14
37/23

making [1]   44/25
many [2]   25/8 33/9
Marine [2]   10/16 26/22
matter [14]   3/4 7/18 9/1 9/1 10/9
10/16 28/24 42/15 42/15 43/3 43/8
43/14 46/4 47/4
Matthewman [3]   1/2 1/9 2/9
maybe [4]   11/25 19/12 21/16 39/13
MC [4]   1/2 2/9 4/8 33/15
McCorkle [3]   16/22 35/24 38/4
mean [5]   5/16 9/14 10/18 11/19 31/5
41/14 42/12
meaning [3]   13/9 13/9 13/10
means [3]   6/21 14/3 37/6
meet [2]   39/5 39/8
mention [1]   11/1
mentioned [1]   22/20
Merchants [2]   10/16 26/22
Miami [1]   1/20
Middle [1]   16/22
might [7]   7/25 38/4 39/11 40/1 40/7
41/3 42/4
miller [4]   1/22 1/25 47/5 47/6
million [11]   13/21 14/17 15/21 17/10
19/21 21/18 28/3 39/12 39/12 39/13
39/13
MINALKUMAR [2]   1/3 2/9
mind [1]   38/5
minute [2]   29/25 30/23
Miranda [1]   20/4
Miss [4]   3/16 4/17 23/17 42/2
moment [5]   2/4 2/5 15/15 19/23 22/14
moments [1]   31/19
money [3]   3/20 4/1 10/18 10/18
10/22 15/21 16/24 17/11 19/10 19/13
19/13 21/18 27/3 27/19 27/25 28/4
30/15 33/18 39/21 40/24 42/11
monies [3]   9/14 9/22 26/24
Monsanto [1]   29/5
months [3]   23/1 23/2 23/2
more [10]   17/4 19/10 23/15 27/16
27/21 30/21 38/5 39/6 42/10 42/22
most [4]   10/5 12/21 20/4 42/12
motion [20]   1/9 4/15 6/2 6/20 8/2 8/14
9/13 9/14 26/24 30/1 30/4 31/18 33/4
33/14 33/17 37/8 42/13 43/2 43/7
44/13
motions [8]   4/15 30/3 30/7 31/13
31/16 31/16 32/18 33/12
movant [9]   7/12 7/14 11/11 28/11
34/17 40/7 42/1 42/9 44/6
movant's [5]   4/15 7/13 45/2 45/5
45/20
movant/claimant [1]   44/6
move [3]   13/24 22/12 43/15
moved [1]   34/25
movement [1]   30/12
movent [5]   2/16 13/11 19/5 23/10
32/19
Movent's [1]   11/19
moving [1]   3/18
MR [4]   12/8 12/10 37/3 46/4
Mr. [27]   2/16 2/22 2/23 3/12 3/16 3/19
3/21 4/1 5/4 8/24 11/20 23/18 24/16
24/24 25/7 27/1 28/11 31/20 32/20
33/2 33/24 34/17 37/9 42/9 43/11

**M**

Mr.... [2]  44/5 46/1
Mr. Loper [1]  37/9
Mr. Patel [10]  2/16 2/22 2/23 3/19
3/21 4/1 28/11 33/24 43/11 44/5
Mr. Patel's [3]  3/12 27/1 34/17
Mr. Sadow [11]  3/16 5/4 8/24 11/20
23/18 24/16 31/20 32/20 33/2 42/9
46/1
Mr. Sadow's [2]  24/24 25/7
much [4]  22/16 23/22 31/5 42/25
multiple [2]  26/2 33/11
must [2]  14/14 17/13
myself [2]  15/7 17/4

**N**

N.W [1]  1/12
name [1]  3/12
narrow [1]  11/25
nature [4]  4/16 7/20 7/20 7/21
NE [1]  1/19
near [3]  11/8 27/7 27/9
neatly [2]  10/11 10/14
necessarily [6]  24/19 24/22 35/15
35/20 35/22 40/4
necessary [4]  3/3 4/12 14/16 46/10
need [13]  4/10 4/17 4/22 10/18 10/19
17/4 20/7 22/4 28/17 28/22 34/1 45/9
46/7
needed [3]  28/18 32/3 32/17
needs [2]  10/17 36/20
neither [1]  42/5
never [3]  26/8 39/15 41/10
new [4]  37/20 38/3 44/8 44/14
news [1]  39/24
next [2]  27/11 27/11
nonadversarial [1]  21/11
none [1]  19/23
nonjudicial [4]  38/14 38/14 38/18
41/11
normal [1]  44/16
not [104]
nothing [10]  7/16 7/21 14/25 19/11
24/6 32/13 35/9 35/10 35/23 39/6
notice [5]  13/7 25/14 25/16 25/23 42/6
notion [2]  19/22 25/23
number [7]  2/8 4/7 5/9 33/10 44/15
44/18 45/5
numbers [1]  4/7
nutshell [1]  22/1

**O**

object [2]  4/20 7/4
objection [2]  4/25 45/6
obtain [4]  5/21 5/24 13/6 21/5
obtained [2]  5/2 6/20
obtaining [1]  13/5
obviously [5]  27/25 30/24 32/11 38/23
43/5
occurred [1]  29/21
off [2]  3/8 14/14
offense [1]  21/7
Office [2]  1/18 40/22
Official [2]  1/23 47/6
old [1]  18/6
Once [1]  39/18

ongoing [2]  31/23 32/6
only [19]  3/11 3/18 6/25 12/20 15/11
19/7 20/20 21/4 21/12 21/14 23/21
24/20 27/8 32/9 33/13 33/19 39/20
40/5 41/11
open [1]  36/7
opinion [2]  20/25 27/24
opinions [1]  26/2
opportunity [7]  7/3 7/5 19/15 21/15
25/14 29/9 40/7
opposed [4]  8/3 14/10 24/21 30/17
opposing [2]  30/20 31/20
option [1]  40/24
oral [1]  30/8
order [25]  2/6 5/8 7/4 8/17 9/7 9/14
9/21 12/13 13/5 13/7 13/12 13/15
13/16 13/25 14/9 18/4 18/22 19/1
21/5 22/5 24/22 28/21 28/23 34/23
36/2
ordering [1]  5/16
original [1]  43/22 43/23
other [16]  7/9 8/9 8/10 8/21 9/19
10/11 10/14 23/13 26/9 31/21 32/6
32/15 34/8 35/13 38/17 40/1
otherwise [1]  2/7
out [11]  6/11 7/6 12/22 13/22 16/3
16/22 17/12 27/21 30/11 41/7 44/19
over [5]  21/6 29/8 38/16 38/16 39/8
own [1]  45/10
owner [3]  25/16 26/5 26/6

**P**

P-R-O-C-E-E-D-I-N-G-S [1]  2/1
p.m [1]  46/18
packet [1]  43/6
page [4]  10/15 18/3 26/4 31/5
PAGES [1]  1/6
PALM [6]  1/2 1/4 1/24 15/11 15/12
47/8
papers [3]  7/14 30/8 35/21
paperwork [1]  12/19
paragraph [1]  18/3
part [10]  14/2 16/20 22/7 27/4 27/20
29/8 29/13 37/18 44/21 44/22
parte [6]  32/21 33/4 33/5 40/11 42/3
43/18
parties [1]  6/7
party [4]  4/2 5/11 7/9 43/24
past [2]  9/19 9/20
PATEL [13]  1/3 2/9 2/16 2/22 2/23
3/19 3/21 4/1 12/10 28/11 33/24
43/11 44/5
Patel's [3]  3/12 27/1 34/17
path [1]  31/8
patient [1]  21/23
pay [6]  10/18 10/22 28/6 28/18 33/10
39/21
PEACHTREE [1]  1/12
people [1]  42/12
per [1]  18/3
percent [2]  19/10 19/24
period [2]  23/11 25/10
permeates [1]  43/9
permission [1]  12/12
permit [1]  38/13
permits [1]  38/12

permitted [1]  36/2
permitting [1]  36/2
person [1]  26/18
PETER [2]  1/18 2/14
Petitioner [2]  1/4 1/12
Pheonetia [1]  1/15
phone [1]  6/12
place [2]  25/12 44/23
planned [1]  40/12
planning [1]  27/6
plans [1]  22/20
play [3]  6/17 14/14 19/23
pleading [1]  44/13
please [1]  45/12
plus [2]  7/15 13/22
podium [1]  11/21
point [20]  4/8 5/12 8/20 10/4 11/2
12/20 15/9 19/8 19/24 23/18 25/11
27/16 27/20 28/5 28/21 29/8 31/11
42/25 43/17 44/12
pointed [1]  11/15
points [2]  3/2 43/4
portion [4]  20/9 21/17 24/3 42/21
position [18]  3/11 6/10 10/1 11/6
11/16 13/18 15/3 15/21 20/5 21/20
30/25 31/4 31/17 33/22 34/17 39/3
39/15 39/21
possibly [1]  40/19
post [2]  7/9 26/12
post-indictment [1]  26/12
posture [1]  36/8
potential [2]  18/21 23/13
potentially [3]  23/2 37/12 39/25
power [4]  14/22 18/5 18/16 40/3
powers [3]  17/22 18/17 34/21
pre [1]  20/5
pre-adversary [1]  20/5
preceded [1]  29/5
preliminary [2]  5/19 17/3
premised [1]  6/5
presented [2]  16/6 35/17
preserving [1]  31/23
pretrial [2]  21/5 26/12
pretty [1]  31/5
preventing [1]  31/1
prior [11]  12/24 14/6 18/24 18/24 19/1
19/2 20/6 21/19 23/20 24/9 34/6
pro [5]  4/15 33/5 33/9 33/11 33/13
probable [21]  13/8 13/8 13/13 16/16
16/18 17/1 18/23 19/4 24/9 24/11
24/12 24/19 26/5 26/8 26/10 26/19
36/3 36/3 37/22 37/24 39/19
probably [3]  39/22 44/8 45/9
problem [1]  40/20
procedural [1]  13/2
procedurally [1]  45/18
procedure [3]  5/25 6/6 8/4
procedures [1]  26/9
proceed [3]  22/20 26/11 40/13
proceeded [1]  28/17
proceeding [8]  2/4 20/1 22/4 30/13
32/4 34/6 42/3 46/5
proceedings [8]  7/7 11/8 11/11 11/14
20/6 25/4 46/18 47/3
proceeds [1]  27/22
process [15]  10/8 20/3 28/7 29/20

**P**

process... [11]  34/12 34/13 34/14 36/6 36/19 41/24 41/25 42/6 42/8 42/10 46/11
promptly [1]  41/23
proof [1]  16/10
property [18]  6/2 6/16 6/20 7/16 7/23 7/23 10/6 14/4 14/5 14/5 21/7 23/7 23/25 24/1 25/16 26/5 26/6 29/20
proposed [1]  27/11
prosecutors [1]  43/19
protected [1]  18/20
protecting [1]  31/23
protections [1]  25/12
protective [1]  24/21
prove [2]  19/12 23/10
provide [2]  42/19 45/12
provision [3]  7/22 8/4 8/8
provisions [2]  38/17 41/6
public [2]  40/14 46/16
purely [2]  8/1 8/1
purported [1]  26/6
purposes [1]  4/22
pursuant [4]  9/16 23/22 24/18 29/15
pursued [1]  24/21

**Q**

quarters [1]  20/24
question [21]  4/13 5/19 5/23 8/20 11/15 14/25 16/11 17/24 20/11 23/9 25/6 29/14 30/23 34/12 34/15 35/1 37/9 37/10 40/1 41/24 43/1
questioned [1]  20/7
questioning [1]  6/1
questions [4]  3/9 3/25 12/14 31/21
quickly [1]  43/15
quite [3]  10/11 10/14 28/25
quote [1]  26/1

**R**

raise [2]  6/8 27/22
raised [2]  8/21 42/5
rare [2]  9/15 9/24
rarely [1]  28/25
read [1]  30/3
ready [4]  40/21 41/8 41/13 41/14
real [1]  14/1
realize [1]  19/17
really [14]  8/15 8/19 9/15 10/4 14/4 16/1 19/23 21/23 24/25 31/15 33/12 38/10 40/8 42/1
reason [9]  4/10 15/11 23/1 24/20 26/11 26/13 26/17 36/20 41/22
reasonable [2]  25/20 27/1
reasoning [1]  35/7
reasons [1]  33/8
rebut [1]  37/15
received [1]  45/10
recommendation [2]  8/16 9/3
reconsider [1]  17/3
record [9]  17/4 22/22 42/16 42/22 42/25 43/20 44/21 44/22 46/1
recuse [2]  16/25 17/4
redact [1]  16/3
redacted [3]  18/2 36/21 39/6
redaction [1]  31/2

redress [1]  22/3
reference [6]  7/17 7/23 8/6 8/7 22/19 23/6
reflect [1]  43/20
Reform [2]  25/13 25/20
refund [3]  33/4 33/16 33/18
regarding [1]  30/24
related [6]  5/18 9/6 12/21 16/8 17/18 30/1
relatively [1]  32/18
release [3]  12/16 24/16 32/8
releasing [1]  31/15
relevance [1]  40/13
relief [3]  9/10 10/4 21/23
remain [4]  4/10 4/17 13/23 36/16
remedies [1]  23/13
remedy [5]  7/1 11/11 14/14 18/21 23/24
report [2]  8/16 9/2
REPORTED [1]  1/22
reporter [4]  1/23 5/13 44/21 47/6
representative [1]  33/21
representatives [1]  45/15
request [5]  5/11 30/4 30/5 33/16 33/18
requested [1]  29/1
requests [1]  26/6
require [1]  25/13
required [5]  10/8 24/19 28/17 33/13 41/23
rereading [1]  31/18
research [2]  30/20 30/21
respect [2]  36/17 38/23
respectfully [3]  11/24 38/2 38/11
respond [5]  25/15 25/18 31/20 34/8 42/3
Respondant [1]  1/7
RESPONDENT [1]  1/17
response [4]  3/5 4/16 17/2 41/23
rest [1]  33/20
restrain [1]  21/2 21/9 23/19 24/7
restrained [3]  14/6 20/20 23/23 24/1 24/6
restraining [11]  13/5 13/7 13/12 13/15 13/15 13/25 14/9 18/22 19/1 21/5 34/23
restraint [1]  23/25
restrictions [1]  14/16
result [1]  44/18
return [9]  6/2 6/20 7/15 7/23 7/23 9/14 9/21 26/24 29/20
returned [1]  23/5
returns [1]  39/18
reveal [1]  36/13
revealed [1]  37/11
revealing [1]  31/12
reviewed [3]  42/20 42/20 42/24
risk [1]  39/11
RMR [2]  1/22 47/6
Robin [1]  2/19
Robinson [1]  18/6
ROBYN [1]  1/14
Room [1]  47/7
ROSEN [5]  1/17 2/14 4/18 23/17 42/2
Rosenbaum [1]  31/14
Rosenbaum's [1]  29/24

Rosenberg [1]  30/4
route [1]  23/3
rule [17]  5/21 6/1 6/2 6/4 6/5 6/15 6/17 7/22 8/3 8/11 8/14 8/15 9/8 9/12 14/11 29/20
rules [3]  5/25 6/6 38/17
run [1]  39/11

**S**

SADOW [16]  1/12 2/17 3/16 5/4 8/24 11/20 12/8 23/18 24/16 31/20 32/20 33/2 37/3 42/9 46/1 46/4
Sadow's [2]  24/24 25/7
said [23]  10/15 11/7 12/10 16/15 16/17 16/20 17/1 19/1 20/22 23/19 24/2 24/17 25/9 30/13 30/16 35/14 35/24 37/1 37/25 38/4 41/16 42/8 43/6
salient [1]  10/5
same [18]  11/12 12/8 13/5 13/9 13/10 14/22 15/20 23/6 27/9 28/2 28/2 30/22 33/12 33/12 34/22 35/9 38/1 38/6
say [34]  5/2 7/9 7/13 12/24 13/14 14/11 14/11 14/15 15/19 15/25 16/9 17/16 19/5 19/7 19/16 19/18 21/4 21/8 25/20 27/25 28/19 28/20 36/5 36/15 36/19 37/21 37/22 39/11 40/3 41/4 41/12 41/19 43/11 45/19
saying [18]  5/15 8/9 17/21 18/20 19/20 19/25 20/7 20/8 20/23 21/3 22/1 24/3 32/11 34/13 38/8 38/10 39/4 41/18
says [13]  11/13 12/12 12/25 13/3 14/25 20/25 26/7 35/9 35/10 36/23 39/4 39/6 43/22
scenario [3]  9/20 30/11 34/3
seal [11]  4/17 30/3 30/5 30/7 31/13 31/16 31/16 32/18 43/2 43/7 43/8
sealed [15]  2/4 2/6 2/6 4/10 4/23 5/1 5/10 5/12 5/14 32/4 32/4 36/12 36/16 40/15 43/18 46/9
sealing [3]  4/3 4/11 4/12
search [9]  5/21 5/24 6/4 6/21 9/6 12/3 12/3 12/6 12/21
second [1]  16/11
section [5]  6/19 10/2 10/23 23/6 23/24
sections [1]  29/18
seek [3]  15/17 22/3 40/25
seeking [3]  7/15 21/23 34/12
seem [1]  11/2
seemed [1]  4/7
seems [5]  6/3 10/9 22/1 28/12 31/14
seen [4]  6/7 6/20 7/8 35/22
seize [5]  12/12 12/25 13/2 21/9 24/25
seized [19]  3/21 6/14 7/23 8/5 10/12 13/22 14/6 14/17 15/12 15/22 17/10 20/21 24/18 26/25 27/2 27/3 28/3 28/3 46/1
seizing [4]  10/6 11/13 43/23 45/16
seizure [39]  3/19 4/14 5/17 5/22 6/21 7/7 7/16 7/17 9/20 10/7 10/16 12/5 12/11 12/21 13/6 13/15 13/16 14/10 14/24 16/5 16/23 23/22 24/14 24/18 24/23 25/24 26/16 29/15 29/18 30/2 31/1 34/4 35/15 36/2 36/2 38/2

**S**

seizure... [2]  43/4 45/23
seizures [1]  3/13
sense [3]  14/12 15/25 36/14
separate [1]  45/11
seriously [1]  32/23
set [4]  2/25 3/2 3/4 41/22
seven [1]  26/22
several [1]  16/22
shed [1]  12/1
short [2]  32/18 43/2
shot [1]  36/7
show [8]  14/16 17/25 19/10 21/15
  24/14 27/4 27/19 40/7
showing [2]  28/17 28/23
shown [3]  36/3 36/3 44/23
shrink [1]  37/20
shut [3]  15/18 30/15 39/2
sic [1]  30/4
side [2]  3/1 25/21
signaled [1]  21/1
signed [1]  41/9
simple [1]  13/18
simply [6]  5/6 13/19 14/25 16/8 37/25
  45/14
since [5]  5/24 13/8 29/2 42/23 45/15
single [4]  22/13 34/16 39/2 42/7
sit [1]  13/19
situation [2]  19/20 40/4
six [6]  3/13 3/19 4/6 12/10 12/19
  45/23
Sixth [7]  10/24 11/4 19/22 19/25 21/4
  28/20 29/3
skip [1]  10/21
some [12]  3/7 3/9 3/22 5/11 9/1 12/1
  15/9 16/7 25/11 28/23 29/8 31/10
somebody [2]  10/17 26/17
someone [2]  28/2 28/3
someone we [1]  28/3
something [12]  4/3 5/2 9/7 9/11 13/20
  13/21 15/15 16/8 17/13 22/18 36/12
  36/16
sometimes [1]  35/25
somewhat [1]  3/5
somewhere [1]  11/7
soon [2]  15/3 22/11
sorry [5]  13/1 18/11 22/22 33/15 37/3
sort [4]  7/8 26/12 42/6 43/9
sought [1]  23/21
SOUTHERN [1]  1/1
speak [2]  46/10 46/12
speaking [1]  32/6
speaks [1]  38/13
specific [6]  7/18 28/14 31/7 32/11
  35/19 35/19
speculation [1]  25/7
split [1]  18/14
stage [1]  26/12
standing [2]  4/1 39/22
standpoint [1]  35/9
start [3]  3/8 22/12 31/14
starting [1]  2/12 20/6
states [18]  1/1 1/6 1/10 2/10 2/12 2/14
  5/22 9/23 15/14 20/17 26/2 29/16
  29/16 33/21 33/24 35/23 37/25 47/7
status [1]  19/3

statute [10]  5/23 6/13 7/18 7/18 20/12
  21/4 21/11 28/15 38/11 41/10
statutes [1]  12/24
stay [3]  4/24 15/20 22/12
step [1]  15/2
Steve [1]  2/17
STEVEN [1]  1/12
still [6]  6/23 9/11 18/7 28/22 35/21
  39/13
stops [1]  35/5
store [1]  17/7
story [1]  35/25
strangely [4]  8/25 17/2 36/9 41/10
STREET [4]  1/12 1/19 1/23 47/7
style [2]  44/4 44/5
subject [2]  21/6 46/4
substantial [1]  21/17
substitute [7]  14/3 14/5 14/5 20/20
  23/20 24/4 24/5
such [3]  4/15 26/7 34/21
suggest [2]  8/5 39/9
suggested [1]  32/20
suggesting [9]  14/10 14/22 21/14
  34/20 35/6 36/6 37/13 40/2 41/7
suggestive [1]  17/14
suggests [1]  34/18
Suite [2]  1/13 1/15
sum [1]  20/25
supervisory [2]  18/17 34/21 40/3
supported [1]  25/25
Supreme [3]  20/25 26/3 37/24
sure [5]  6/12 23/4 27/9 27/17 38/12
surrounding [1]  43/3
SZTYNDOR [3]  1/14 2/19 3/16

**T**

tainted [25]  14/2 14/17 15/22 16/11
  18/4 19/13 21/2 21/14 21/18 24/8
  24/12 24/15 26/20 27/5 31/24 35/8
  35/16 35/20 36/6 37/16 37/17 38/8
  38/11 38/24 40/5
take [9]  15/2 16/11 31/19 32/16 32/17
  38/23 39/15 40/6 43/14
taken [2]  6/16 21/9
taking [1]  6/11
talk [3]  10/3 11/12 18/16
talked [1]  24/9
talking [6]  4/4 4/5 19/20 19/21 23/1
  38/6
talks [3]  24/8 26/4 41/10
target [1]  37/9
technically [1]  43/22
telemedicine [4]  17/19 19/11 21/19
  27/20
tell [3]  17/8 32/2 44/12
tells [1]  18/3
temporarily [1]  13/13
temporary [5]  13/5 13/6 14/9 18/22
  19/1
tendered [1]  44/19
tendering [1]  43/21
terms [2]  24/10 38/14
territory [1]  5/1
test [1]  39/18
tested [1]  18/24
testing [1]  17/19

than [7]  7/9 8/10 25/10 27/21 38/15
  39/6 42/10
that [315]
that that [1]  32/3
their [11]  10/18 16/2 17/24 26/9 27/2
  28/10 28/12 36/13 39/2 39/7 40/12
themselves [2]  16/25 30/3
theories [4]  27/21 36/11 36/12 37/13
theory [10]  14/21 16/4 16/7 17/19
  19/14 21/17 36/14 36/14 36/15 39/7
there [61]
therefore [2]  23/7 26/19
thereto [1]  23/25
they [61]
thing [8]  12/20 13/5 34/8 34/11 35/23
  36/20 38/1 38/6
things [10]  3/22 4/15 4/16 10/19 15/16
  16/24 25/8 31/6 35/13 43/8
think [28]  9/5 9/7 9/9 9/17 10/4 10/6
  11/24 14/1 15/11 18/23 21/22 22/8
  25/17 27/16 27/23 27/24 28/1 28/10
  29/23 33/7 33/18 36/8 40/12 41/23
  42/7 42/8 42/9 44/8
third [2]  4/2 7/9
third-party [2]  4/2 7/9
though [4]  22/2 25/2 35/7 43/3
thought [1]  26/8
three [1]  20/24
time [24]  3/13 5/2 12/8 13/20 17/23
  20/15 20/22 22/5 23/12 25/10 25/23
  26/17 29/11 31/7 31/10 32/5 35/18
  36/22 38/8 38/19 38/19 38/22 39/2
  40/25
timeframe [1]  27/14 32/22
timing [2]  38/13 40/12
Title [1]  29/16
today [6]  2/25 3/2 21/24 41/14 41/15
  43/12
told [2]  16/2 37/8
too [6]  11/25 16/19 22/16 23/22 31/11
  31/21
took [1]  44/23
toto [1]  40/6
trace [1]  39/12
traceable [6]  21/7 23/25 24/3 24/7
  36/17 36/18
tracing [6]  21/20 28/14 31/6 36/16
  37/14 39/7
traditional [1]  14/12
transcript [4]  1/9 2/6 5/10 5/14
transcription [1]  47/3
trial [2]  10/13 20/21
true [3]  19/12 20/2 43/2
try [1]  15/15
trying [5]  8/8 15/24 24/25 30/10 42/1
turn [4]  22/14 32/20 33/1 35/13
turned [2]  8/2 29/8
turns [1]  12/22
twice [1]  35/14
two [9]  7/6 15/16 15/18 25/10 27/2
  29/2 29/3 30/9 46/1
type [4]  14/23 27/11 34/5 44/13
typically [5]  5/25 6/14 6/19 7/8 44/13

**U**

U.S [3]  1/18 9/17 40/21

## U

U.S.C [6]  8/6 8/7 13/1 13/10 18/25 21/13
umbrella [1]  24/15
unable [1]  7/19
unaware [1]  30/21
under [47]  4/17 5/21 5/22 5/25 6/2 6/4 6/15 8/5 9/23 13/1 14/15 14/24 14/24 18/5 18/17 19/16 20/4 21/3 21/4 21/16 23/24 24/1 24/12 24/15 24/21 24/22 25/12 25/15 27/2 27/10 29/1 29/18 30/11 33/14 34/20 34/25 36/12 37/7 38/10 38/15 39/16 39/17 39/20 42/10 43/9 43/14 44/16
underlying [4]  4/14 5/17 9/6 30/6
understand [14]  8/4 8/12 8/23 11/5 15/6 15/11 16/19 17/24 18/19 21/22 27/15 30/10 40/17 42/11
understood [1]  30/9
unfair [1]  33/11
unique [1]  40/4
UNITED [17]  1/1 1/6 1/10 2/9 2/12 2/14 5/22 9/23 15/14 20/17 26/1 29/16 29/16 33/21 33/24 37/25 47/7
unless [1]  5/11
unreasonable [3]  25/10 25/12 26/23
unseal [4]  5/8 30/2 30/4 30/5
unsealed [6]  4/20 31/10 32/19 43/5 46/8 46/9
unsealing [8]  4/4 5/15 5/17 7/15 9/5 30/6 31/1 31/16
untainted [24]  14/3 14/3 14/5 15/23 16/12 18/5 20/9 20/9 21/2 21/8 23/9 23/10 24/8 24/13 24/17 27/6 29/4 35/8 37/16 37/17 38/9 38/11 38/25 40/5
until [5]  2/6 6/18 13/24 23/15 25/3
unusual [1]  3/5
up [6]  5/1 14/13 20/12 20/23 39/17 42/1
upon [5]  5/11 6/5 7/18 8/10 17/3
us [7]  13/19 18/21 20/22 24/14 25/13 42/8 45/12
use [5]  7/22 20/18 37/22 40/3 41/6
using [1]  27/9
usually [1]  44/14

## V

value [1]  26/8
vehicle [2]  7/9 35/5
vehicles [2]  46/1 46/2
verified [8]  40/21 40/22 41/8 43/21 43/23 44/20 44/22 45/22
versus [14]  9/17 9/23 15/22 15/23 16/11 18/5 20/17 24/8 26/1 37/17 38/9 38/11 38/25 40/5
very [12]  18/23 21/22 28/25 31/6 32/11 32/23 33/24 37/25 40/11 40/14 43/11 43/18
vice [5]  4/16 33/5 33/9 33/12 33/14
violation [1]  14/21

## W

wait [5]  13/19 25/3 30/13 39/5 41/1
waiting [1]  30/17
want [19]  3/1 4/3 15/19 19/19 22/15 27/8 27/20 27/25 30/13 31/21 34/5 34/6 36/15 39/10 41/1 41/1 42/8 42/24 45/25
want or [1]  34/5
wanted [12]  3/5 3/6 6/8 6/12 8/21 22/15 22/23 27/22 33/23 34/8 42/2 42/16
wanted the [1]  22/15
wants [4]  37/5 37/22 42/11 42/13
warrant [26]  5/21 5/22 5/24 6/4 6/21 6/21 7/17 7/17 9/6 9/20 10/7 12/3 12/5 12/6 12/11 12/22 13/6 23/22 24/18 26/16 29/18 30/2 31/1 34/5 43/4 43/4
warrants [12]  3/19 4/14 5/18 12/9 24/14 24/21 24/23 29/15 30/6 35/16 38/2 45/23
was [43]  3/4 4/5 6/16 6/20 10/12 10/13 12/17 12/17 16/7 16/14 16/21 16/24 16/25 17/5 18/4 18/22 20/16 20/19 24/1 24/9 25/2 25/6 25/9 26/23 27/1 27/20 28/7 29/18 29/25 31/15 33/11 33/17 34/8 34/22 35/19 35/20 36/1 36/3 36/3 36/10 37/4 37/23 42/23
way [16]  5/16 9/10 9/13 20/24 27/10 30/9 31/2 31/8 31/10 32/10 34/22 37/7 40/20 41/5 41/10 46/7
wayside [1]  23/8
we [70]
weeds [1]  23/23
week [2]  7/6 12/19
week-and-a-half [1]  7/6
weeks [3]  7/6 25/10 27/2
weight [1]  45/20
welcome [1]  31/19
went [5]  10/7 14/20 27/19 35/24 36/25
WEST [6]  1/2 1/4 1/24 15/11 15/12 47/8
What's [1]  31/16
whatever [3]  14/15 30/16 33/17
wherever [1]  15/10
whether [40]  3/25 6/1 6/20 7/19 7/20 7/20 8/14 8/15 8/16 9/19 9/21 10/5 10/22 12/11 13/12 14/20 15/1 16/7 16/8 18/2 20/11 21/11 24/6 24/9 25/4 26/18 27/18 28/5 28/6 28/7 29/19 30/12 32/18 34/3 35/11 35/18 37/15 41/12 44/25 45/18
while [2]  2/5 15/7
whole [5]  35/25 36/19 40/1 43/6 43/9
why [14]  4/10 14/1 14/18 18/1 22/10 23/1 23/10 24/20 33/13 35/24 36/20 39/4 40/7 42/24
WILLIAM [1]  1/9
willing [3]  12/15 12/16 40/6
win [2]  7/8 17/25
wind [1]  20/23
wise [2]  4/7 38/13
wishes [1]  15/1
within [8]  4/9 14/14 23/5 32/4 35/21 40/23 41/5 41/20
without [5]  13/7 15/22 17/23 23/11 44/25
witnesses [3]  16/2 17/8 36/14
WM [2]  4/8 33/15

won't [1]  41/16
wording [1]  6/12
words [2]  9/19 26/10
work [1]  31/11
Working [1]  42/11
worry [1]  39/14
wouldn't [2]  12/16 39/22
written [1]  41/10
wrong [2]  28/23 37/3
wrote [1]  37/8

## Y

Yeah [3]  9/5 16/17 39/25
years [6]  15/7 16/23 18/14 21/19 23/2 25/8
yes [8]  8/19 10/25 11/22 12/17 27/25 30/16 32/1 33/6
yesterday [1]  12/24
yet [4]  7/7 11/4 20/1 35/25
you [142]

## Z

Zuniga [1]  46/11