UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-MC-81181-WM

Minalkumar Patel,

    Movant,

v.

United States of America,

    Respondent.
_____/



FILED BY _____ D.C.

SEP 09 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER DENYING MOTION FOR RETURN OF SEIZED FUNDS [DE 5] AND MOTION TO UNSEAL SEIZURE WARRANT AFFIDAVITS AND RELATED PLEADINGS [DE 6]

**THIS CAUSE** is before the Court on Movant Minalkumar Patel's ("Movant") Motion for Return of Seized Funds and Request for Expedited Hearing [DE 5] and Motion to Unseal Seizure Warrant Affidavits and Related Pleadings and Request for Expedited Hearing [DE 6]. In the first motion [DE 5], Movant seeks the return or release of the funds held in six bank accounts seized by the Government pursuant to pre-indictment seizure warrants issued under 21 U.S.C. § 853(f). In the second [DE 6], he urges the Court to unseal the affidavits underlying the pre-indictment seizure warrants, as well as any pleadings related to the sealing of those documents.[1] The Government filed a combined response in opposition to both motions. [DE 16]. After holding a hearing and carefully considering the motions, all supporting and opposing filings, and the record in this case, the Court denies the motions.

---

[1] Per the Government, only one master affidavit supported the six seizure warrants directed to Movant's bank accounts. [DE 16 at 1, n.1]. Therefore, although Movant requests that this Court unseal the affidavits underlying the six seizure warrants, only one master affidavit is at issue.

## I. Issues Presented

This dispute concerns two important issues. The first issue is whether Movant is entitled to the return or release of funds held in six bank accounts the Government seized pursuant to six seizure warrants issued by this Court under 21 U.S.C. § 853(f). The second issue is whether Movant has a pre-indictment right to obtain copies of the sealed affidavit underlying those seizure warrants, and the related sealed pleadings, under the First Amendment, Fourth Amendment, and federal common law. The second issue appears to be an issue of first impression as neither the Court nor the parties have located a federal court order or opinion addressing a movant's asserted pre-indictment right to obtain copies of a sealed seizure warrant affidavit (and related sealed pleadings) underlying seizure warrants directed to a movant's bank accounts issued pursuant to 21 U.S.C. § 853(f).

## II. Background

On August 15, 2019, after reviewing a lengthy and detailed affidavit, the undersigned, pursuant to 21 U.S.C. § 853(f), approved and issued six seizure warrants directed to six bank accounts held in Movant's name. The six sealed seizure warrant applications were assigned six different case numbers, to wit: 19-MJ-8323-WM; 19-MJ-8324-WM; 19-MJ-8325-WM; 19-MJ-8326-WM; 19-MJ-8327-WM; and 19-MJ-8328-WM. The six seizure warrants issued by the Court were then immediately served by the Government upon the various banks where the accounts were held. Shortly thereafter, on August 21, 2019, Movant filed motions in each of the six sealed cases which sought the return or release of the funds held in those accounts and copies of the underlying affidavit and related pleadings.

On August 22, 2019, the Court entered an order consolidating the six cases under case number 19-MC-81181-WM and ordered the consolidated case sealed until further Order of the

Court. [DE 1].[2] Through his motions, Movant seeks an order (1) unsealing the Government's seizure warrant applications and supporting affidavit; (2) unsealing the Government's motion to seal those documents; (3) unsealing any documents or motions explaining why the Government sought seizure warrants under 21 U.S.C. § 853(f) in this case rather than a protective order under § 853(e); and (4) releasing any seized funds not shown to be proceeds of any criminal activity or used to facilitate criminal activity. [DE 5, 6].

As to the seized bank accounts, Movant argues that, pursuant to Federal Rule of Criminal Procedure Rule 41(g) and the Sixth Amendment to the United States Constitution, the Court should order the return or release of any "untainted" funds seized by the Government and set this matter for an evidentiary hearing where he intends to show that: (1) because of the Government's seizure of all his funds, he is unable to secure counsel of his choice and (2) "substantial portions of the funds seized were untainted, *i.e.*, not derived from any unlawful activity." [DE 5 at 2]. Movant states "[a]pproximately 30% of all revenue paid to" his employer, LabSolutions, LLC, came from traditional toxicology tests "that have no relationship to any telemedicine-genetic practice, or any other supposedly illegal conduct presumably described in the seizure warrants" and he "does not have any of his own funds that are not frozen to retain counsel." *Id.* As to the sealed documents in this matter, including the affidavit underlying the seizure warrants, Movant contends he has a right to obtain copies of those documents under the First Amendment, Fourth Amendment, and federal common law.

For its part, the Government states its investigation is ongoing and urges the Court to deny Movant's requests to protect the integrity of that investigation and prevent the possible destruction

---

[2] On August 28, 2019, the Court entered an order unsealing this case. [DE 18]. That order generally unsealed the Movant's motions, the Government's response, and related filings. It did not unseal the affidavit underlying the seizure warrants or related pleadings. That issue is decided by the Court in this order.

3

or transfer of forfeitable assets. [DE 16]. The Court held a hearing regarding this dispute on August 27, 2019. At the end of the lengthy public portion of the hearing, the Court also heard from the Government in a brief sealed, *ex parte* hearing.

## III. Discussion

### A. Motion for Return or Release of Seized Funds

Movant seeks the return or release of the funds held in his six seized bank accounts under both Rule 41(g) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the United States Constitution. [DE 5 at 1]. In this regard, it is important to note that the Government has yet to initiate forfeiture proceedings as to Movant's six bank accounts.

Federal courts have "the power to order the suppression or return of unlawfully seized property even though no indictment has been returned and thus no criminal prosecution is yet in existence." *Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir. 1974). The United States Court of Appeals for the Eleventh Circuit has held this remedy is equitable in nature. *See U.S. v. Dean*, 80 F.3d 1535, 1542 (11th Cir. 1996) (explaining the doctrine of equitable jurisdiction permits federal courts to take jurisdiction over property to adjudicate actions for that property's return even though no indictment has been returned). "The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint." *Matter of $67,470.00*, 901 F.2d 1540, 1544 (11th Cir. 1990). "Such jurisdiction, therefore, is only appropriate in exceptional cases where equity demands intervention." *Id.*

In *Richey v. Smith*, the former United States Court of Appeals for the Fifth Circuit elucidated several factors federal courts should consider when deciding motions to return seized property. 515 F.2d 1239, 1243-44 (5th Cir. 1975). First, whether the Government showed a "callous disregard" for a movant's constitutional rights. *Id.* at 1234. Second, whether the movant

4

has an individual interest in and need for the seized property. *Id.* Third, whether the movant would be irreparably injured if the property is not returned. *Id.* And finally, whether the movant "has an adequate remedy at law for the redress of his [or her] grievance." *Id.* at 1243-44.

Applying these factors here, the Court finds that this matter is not one of the "exceptional cases where equity demands intervention." *Matter of $67,470.00*, 901 F.2d at 1544.

First, the Government seized Movant's bank accounts pursuant to seizure warrants issued under 21 U.S.C. § 853(f) by the undersigned United States Magistrate Judge, who, after careful consideration of a lengthy and detailed affidavit, found probable cause that the funds within those six accounts were subject to forfeiture. Thus, it cannot be said the Government acted with "callous disregard" for Movant's constitutional rights as it followed all constitutionally required procedures in obtaining seizure warrants for Movant's bank accounts. *See Matter of Search of 4801 Fyler Ave.*, 879 F.2d 385 (8th Cir. 1989) (finding no "callous disregard" of constitutional rights where "federal agents searching [the] premises first obtained a warrant" based on "a lengthy and detailed affidavit describing a broad range of illegal activity to establish probable cause").

Second, Movant has not shown an individual need for the return or release of the seized funds. He argues the seizure of his bank accounts will cause a parade of horribles. If the funds are not released, he says, it "will significantly hamper the ongoing business of LabSolutions," his company, "which in turn could result in the termination of 120 salaried employees and scores of independent contractors." [DE 6 at 2]. The company will be unable to "pay the health insurance for all these employees" or "perform laboratory analysis for hundreds and perhaps thousands of blood and urine samples submitted by 'brick and mortar' doctors having nothing to do" with the activity he believes is at issue. *Id.* This will "endanger[] the lives of those doctors' patients." *Id.* But, as the Government stated in its response, LabSolutions does not join Movant's challenge to

5

the seizure warrants and, in fact, is not contesting any warrants related to the Government's ongoing investigation at this time. [DE 16 at 2].[3] Further, the six seized bank accounts at issue in this Order are all held in Movant's individual name and not in LabSolutions' name. Thus, the fact that LabSolutions may have a need for the seized funds is irrelevant for purposes of this dispute as Movant may not seek the return of property belonging to a third party. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Movant's argument that LabSolutions will be harmed by the Government's seizure of Movant's individual bank accounts is wholly without merit.

Movant's only other identified need for the return or release of the funds in his seized bank accounts is to retain counsel of his choosing. *See* DE 5 at 2. But both the Supreme Court of the United States and the Eleventh Circuit have held that the Sixth Amendment right to counsel "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Philmore v. McNeil*, 575 F.3d 1251, 1257 (11th Cir. 2009); *see McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Movant has not been criminally charged at this point. His Sixth Amendment right to counsel has not yet attached. *Id.* Thus, the Court finds Movant has not shown an individual need for the immediate return or release of the funds held in the six seized bank accounts.

Third, Movant has failed to show he will suffer irreparable harm if the six seized accounts are not returned or released. He alleges the Government's seizure will harm him by preventing (1) his company from meeting its payroll obligations or performing laboratory tests for patients and (2) him from retaining the counsel of his choosing. [DE 5 at 2]. As stated above, any harm caused

---

[3] In its combined response, the Government stated that it executed four warrants related to bank accounts held in LabSolutions, LLC's name. [DE 16 at 2]. Those warrants are not part of this consolidated case. All six warrants at issue here were directed to bank accounts held in Movant's individual name. *Id.*

to his company, which does not join his motions, is separate and distinct from any harm caused to Movant relating to his individual accounts. And since Movant's Sixth Amendment right to counsel has not yet attached, *see Philmore*, 575 F.3d at 1257, he has not suffered any irreparable harm from being unable to afford counsel at this time. As Movant has failed to allege any irreparable harm from the Government's seizure, the Court finds this factor also weighs in favor of not ordering the return or release of the seized funds.

Finally, the fourth factor, whether Movant has an adequate remedy at law to redress his grievance, also weighs against ordering the return or release of the seized funds. Although Movant asserts that he currently has no remedy at law to dispute the Government's seizure of his bank accounts, "[a]s long as the Government in fact initiates forfeiture proceedings within a reasonable period of time," he will be provided an adequate remedy at law. *Matter of Seizure of Merchants & Marine Bank Accounts XXXXX and XXXXX*, 2019 WL 3558181, at *3 (S.D. Miss. Aug. 4, 2019).

The Government states it "intends to initiate forfeiture proceedings within a reasonable and lawful period of time." [DE 16 at 7]. Additionally, the Court is informed by counsel for the Government's representations at a sealed, *ex parte* hearing concerning the Government's timeframe for initiating forfeiture proceedings. Here, Movant's accounts were seized on August 15, 2019, immediately after the undersigned issued warrants for their seizure pursuant to 21 U.S.C. § 853(f). [DE 16 at 2]. Given that barely more than two weeks have passed since the issuance of the seizure warrants and given the representations the Government's Assistant United States Attorney made to the Court both at the public hearing and at the sealed, *ex parte* portion of the August 27, 2019 hearing, the Court finds the Government has not unreasonably delayed initiation of forfeiture proceedings. *See Merchants & Marine Bank Accounts*, 2019 WL 3558181, at *3; *Motion for Return of All Monies Seized from Account 710707 at Am. Exp. Bank*, 1991 WL 183363,

at *2 (S.D.N.Y. Sept. 11, 1991). When it does initiate those forfeiture proceedings, Movant will have an adequate remedy at law with which to challenge the seizure of the funds which he asserts he owns.

In sum, the *Richey* factors counsel against ordering the return or release of the seized funds at this early juncture. Movant's Motion for Return of Seized Funds and Request for Expedited Hearing [DE 5] is therefore **DENIED**.

### B. Motion to Unseal Seizure Warrant Affidavit and Related Pleadings

The public's right of access to court proceedings and judicial records is governed by the First Amendment, Fourth Amendment, and federal common law. *See U.S. v. Bennett*, 2013 WL 3821625 (S.D. Fla. 2013). Movant argues each provides an independent basis for the Court to grant his motion to unseal. The Court disagrees.

#### *i. First and Fourth Amendments*

"[T]he public and press have a presumptive, yet qualified, First Amendment right of access to judicial proceedings in criminal matters." *Id.* at *2. The Eleventh Circuit has found this qualified right of access extends to access to court documents, applying the "compelling interest" standard. *See Brown v. Advantage Eng.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992). Thus, the Court may deny Movant access to the seizure warrant affidavit and related pleadings "only if a 'compelling government interest' in closure exists and denial of access is 'narrowly tailored to serve that interest.'" *Bennett*, 2013 WL 3821625, at *4 (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982)).

Similarly, the Fourth Amendment may grant a right of access to pre-indictment warrant affidavits. But that right is not absolute. "Rather it is qualified and may be limited or completely denied 'upon a showing of a compelling government interest that cannot be accommodated by

8

some means less restrictive than sealing the court's records.'" *Id.* (quoting *In re Search of Up North Plastics, Inc.*, 940 F.Supp. 229, 232 (D. Minn. 1996)).

"[P]otential prejudice to an ongoing criminal investigation represents a compelling government interest that justifies the closure of judicial records." *Id.* at *4 (citing *U.S. v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1996), *cert. denied*, 510 U.S. 907 (1993)). Here, the Government argues unsealing the underlying affidavit "would negatively impact the integrity of the ongoing investigation by prematurely disclosing its scope and direction, subjects, and potential witnesses, and could result in the destruction of evidence, witness tampering, or flight." [DE 16 at 4]. The Court agrees. The Government's compelling interest is clear. The Court finds that unsealing the underlying affidavit and related documents would severely prejudice the Government's ongoing investigation.

As to whether there are "some means less restrictive than sealing the court's records," *Bennett*, 2013 WL 3821625, at*4, the Government states that "redaction or partial release of the affidavit is not a feasible alternative as every page [of the seizure warrant affidavit] contains at least some information that could compromise the Government's investigation if it were released." [DE 16 at 4]. Given the details contained in the affidavit, the Court finds that redaction of names and other identifying information would not adequately assure the Government's need to protect the integrity of an ongoing investigation. Thus, the Court finds the Government's compelling interest in protecting its ongoing investigation outweighs any presumption of access Movant may have to the seizure warrant affidavits and related documents under the First Amendment. *Id.* at *4.

### ii. *Common Law Right of Access*

Finally, federal courts have long recognized a right of access to judicial records. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th

9

Cir. 1995). This right can be overcome by a showing of "good cause," which requires the Court to "balance the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). This is a fact-specific analysis that varies case-by-case. *See Bennett*, 2013 WL 3821625, at *6-7. Here, the Government's interest in keeping the details of its investigation sealed is clear. Balancing Mr. Patel's individual interests against the Government's, there is good cause for finding Mr. Patel's common law right of access to the affidavits has been overcome.

Thus, Movant's Motion to Unseal Seizure Warrant Affidavits and Related Pleadings and Request for Expedited Hearing [DE 6] is **DENIED**.

## IV. Conclusion

Upon review of the motions and being fully advised of the premises, it is hereby **ORDERED** as follows:

1. Movant's Motion for Return of Seized Funds and Request for Expedited Hearing [DE 5] is **DENIED.**

2. Movant's Motion to Unseal Seizure Warrant Affidavits and Related Pleadings and Request for Expedited Hearing [DE 6] is **DENIED.**

3. The denial of Movant's motions is without prejudice to his ability to file a future amended motion for return or release of seized funds, or a separate civil or administrative action, to the extent such relief may be available to Movant, in the event the Government unreasonably delays the institution of forfeiture proceedings. *See Merchants & Marine Bank Accounts*, 2019 WL 3558181, at *3 (finding 73-day delay in instituting forfeiture proceedings not unreasonable); *Motion for Return of All Monies Seized from Account 710707 at Am. Exp. Bank*, 1991 WL 183363, at *2 (finding 54-

day delay in instituting forfeiture proceedings not unreasonable). This Order is also without prejudice to Movant's ability to contest any criminal forfeiture proceeding in the event one is initiated.

**DONE AND ORDERED** in chambers at Palm Beach County, Florida, this 9th day of September, 2019.

William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge